■ HARRY T. REID, Respondent, v COURTESY BUS Co. et al., Respondents, and LAFORTE TRUCKING, INC., et al., Appellants, et al., Defendant. (And a Related Action.) [651 NYS2d 612] —In an action to recover damages for personal injuries, the defendants LaForte Trucking, Inc., and Peter Conway appeal from an order of the Supreme Court, Queens County (Rutledge, J.), dated November 1, 1995, which, *inter alia*, (1) granted the motion of the defendants Courtesy Bus Co. and Mary Grasso for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and (2) granted the plaintiff's cross motion for partial summary judgment on the issue of liability as against the defendants LaForte Trucking, Inc., and Peter Conway.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's cross motion, and substituting therefor a provision denying the plaintiff's cross motion; as so modified, the order is affirmed, without costs or disbursements.

This action arises from an automobile accident in which a

truck owned by the defendant LaForte Trucking, Inc. (hereinafter LaForte), and operated by the defendant Peter Conway struck the rear of a bus owned by the defendant Courtesy Bus Co. (hereinafter Courtesy), and operated by the defendant Mary Grasso, causing the bus to strike the rear of the plaintiff's truck which was stopped at a red traffic signal. Courtesy and Grasso moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The plaintiff cross-moved for partial summary judgment on the issue of liability as against LaForte and Conway. In opposition to the motion and cross motion, LaForte and Conway submitted the deposition testimony of Conway, in which he claimed that while approaching the traffic signal in the right lane of the three-lane roadway, a "Vijax Fuel" truck pulled out from the parking lane in front of him, cutting him off and causing him to brake and move his vehicle into the center lane. Thereafter he collided with the rear of the Courtesy bus. The court granted both the motion and cross motion. We now modify.

In order to defeat Courtesy's and Grasso's motion for summary judgment, LaForte and Conway were obligated to produce evidentiary proof in admissible form to raise a material question of fact as to the issue of liability on the part of Courtesy and Grasso (*see, Zuckerman v City of New York*, 49 NY2d 557). Because no evidence was presented to show any fault on the part of Courtesy and Grasso, their motion for summary judgment dismissing the complaint and cross claims insofar as asserted against them was properly granted (*see, Parise v Meltzer*, 204 AD2d 295, 296; *Dickens v Merritt*, 123 AD2d 738, 739).

However, with regard to the plaintiff's cross motion, as we recently observed in *Barile v Lazzarini* (222 AD2d 635, 636): "[a] rear-end collision into a stopped automobile creates a prima facie case of liability with respect to the operator of the moving vehicle, imposing a duty of explanation on its operator * * * The operator is required to rebut the inference of negligence created by the unexplained rear-end collision * * * since the operator of the moving vehicle is in a better position 'to excuse the collision either through a mechanical failure, or a sudden stop of the vehicle ahead, or an unavoidable skidding on a wet pavement, or any other reasonable cause' (*Carter v Castle Elec. Contr. Co.*, 26 AD2d 83, 85). If the operator cannot come forward with any evidence to rebut the inference of negligence, the plaintiff may properly be awarded judgment as a matter of law".

Conway's deposition testimony is sufficient to rebut the inference of negligence and establish a genuine issue of fact preclud-

ing summary judgment in favor of the plaintiff. Under the circumstances of this case, a question of fact is presented as to whether Conway was confronted with an emergency when the Vijax truck pulled out from the parking lane, forcing his vehicle into the center lane. Accordingly, the court improperly granted the plaintiff's cross motion. Rosenblatt, J. P., O'Brien, Thompson and Luciano, JJ., concur.