■ SONIA GONZALEZ, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [682 NYS2d 178] —Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered September 22, 1997, which denied plaintiff's motion for summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion granted.

On her motion for summary judgment on the issue of li-

ability, plaintiff established a prima facie case of negligence through her deposition testimony that she was stopped in a parking lane when an ambulance struck the rear of her vehicle as well as the deposition testimony of two EMS officials who arrived on the scene to conduct an investigation (*see, e.g., Asante v Williams*, 227 AD2d 123; *DeAngelis v Kirschner*, 171 AD2d 593). Nothing offered by defendants rebuts the inference of negligence; their claim that the accident occurred when plaintiff's car stopped suddenly is mere speculation, based solely on an attorney's affirmation without support from anyone with firsthand knowledge of the facts. We note in particular that the single individual who would be in the best position to explain the accident, the ambulance driver, was never deposed, nor did he appear in the action (*Reid v Courtesy Bus Co.*, 234 AD2d 531). Defendants' remaining claim is unpreserved and, in any event, without merit. Concur—Lerner, P. J., Sullivan, Milonas, Rosenberger and Ellerin, JJ.