■ RAFAEL DAYAN et al., Respondents, v LI YU PING et al., Appellants. [757 NYS2d 897] —In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 26, 2002, as granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is denied.

As a general rule, a rear-end collision with a stopped vehicle creates a prima facie case of liability against the operator of the moving vehicle and imposes a duty on that operator to provide a nonnegligent explanation for the collision (*see Parise v Meltzer,* 204 AD2d 295 [1994]). In opposition to the plaintiffs' prima facie showing of entitlement to judgment as a matter of law on the issue of liability, the defendants came forward with a nonnegligent explanation sufficient to rebut the inference of negligence (*see Rehak v Kwan,* 242 AD2d 267 [1997]; *Reid v Courtesy Bus Co.,* 234 AD2d 531 [1996]). Consequently, the Supreme Court should have denied the plaintiffs' motion for summary judgment on the issue of liability. S. Miller, J.P., Krausman, Luciano and Mastro, JJ., concur.