■ SHAHROKH OMRAMI, Appellant, v ANDREAS SOCRATES, Respondent, et al., Defendants. [642 NYS2d 932] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dye, J.), dated February 10, 1995, which granted the motion by the defendant Andreas Socrates for summary judgment dismissing the complaint insofar as it is asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion by Andreas Socrates for summary judgment is denied, and the complaint is reinstated insofar as it is asserted against him.

This litigation involves a three-car accident. A police officer who witnessed the accident testified at his deposition that the plaintiff's vehicle stopped and hit one of the cones used to close the traffic lane due to an icy condition ahead. A vehicle driven by the defendant Andreas Socrates came to a complete stop behind the plaintiff's vehicle. A few seconds later, a vehicle driven by the defendant C. Koliovoudras struck the rear end of Socrates' vehicle, which caused it to strike the plaintiff's vehicle. The officer, who gave essentially the same description of the accident in a police report, stated that he observed the accident clearly from a distance of about 30 feet. Socrates moved for summary judgment dismissing the complaint as to him based on the officer's report, the officer's deposition testimony, and his own deposition testimony, in which he stated that his vehicle came to a complete stop a few feet behind the plaintiff's vehicle before being struck by the Koliovoudras vehicle. In opposition to the motion, the plaintiff submitted an excerpt from his deposition testimony in which he stated that his vehicle was struck twice from behind.

"The court may not weigh the credibility of the affiants on a motion for summary judgment unless it clearly appears that the issues are not genuine, but feigned" (*Glick & Dolleck v Tri-*

*Pac Export Corp.,* 22 NY2d 439, 441). The conflicting statements in the record as to the happening of the accident create a triable issue of fact as to whether Socrates' conduct caused or contributed to the accident (*see, e.g., Cofrancesco v Murino,* 225 AD2d 648; *Acampora v Davis,* 203 AD2d 399). Accordingly, the court erred in granting summary judgment to Socrates. Ritter, J. P., Copertino, Goldstein and McGinity, JJ., concur.