■ BARRY VIGGIANO et al., Appellants, v SHARON C. CAMARA et al., Defendants, and ANTONIO PACE, Respondent. (And a Third-Party Action.) [673 NYS2d 714] —In a negligence action to recover damages for personal injuries, the plaintiffs appeal (1),

as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated April 18, 1997, as granted that branch of the motion of the defendant Antonio Pace which was for summary judgment dismissing the complaint insofar as asserted against him, and (2) from an order of the same court, dated September 25, 1997, which denied their motion denominated as a motion to renew and reargue the motion for summary judgment, but which was, in effect, a motion for reargument.

Ordered that the appeal from the order dated September 25, 1997, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated April 18, 1997, is reversed insofar as appealed from, on the law, that branch of the motion of the defendant Antonio Pace which was for summary judgment dismissing the complaint insofar as asserted against him is denied, and the complaint is reinstated insofar as asserted against him; and it is further,

Ordered that the appellants are awarded one bill of costs.

This appeal arises out of a four-car accident which occurred on the Meadowbrook Parkway in Nassau County. At his deposition, the defendant Antonio Pace testified that he had stopped his vehicle behind the plaintiffs' vehicle, which had previously collided with a vehicle driven by the defendant Sharon C. Camara, and that his vehicle struck the plaintiffs' vehicle only after he was hit in the rear by another vehicle driven by the defendant Glen Cunningham. In contrast, the plaintiffs both testified at their depositions that, after the collision with Camara, they felt two impacts from behind.

Although Pace's testimony was sufficient to establish a prima facie case that he was entitled to summary judgment (*see, Cofrancesco v Murino,* 225 AD2d 648, citing *Koenig v Price,* 200 AD2d 559), the plaintiffs' testimony, which conflicted with Pace's testimony as to the happening of the accident, was sufficient to raise a triable issue of fact as to whether Pace's vehicle struck the plaintiffs' vehicle before it was hit in the rear by Cunningham (*see, Omrami v Socrates,* 227 AD2d 459; *Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439). Accordingly, Pace was not entitled to summary judgment. Bracken, J. P., Copertino, Joy and McGinity, JJ., concur.