■ EILEEN CAPUTO et al., Respondents, v LILLIAN A. SCHAUMEYER, Appellant, and KENNETH B. FAERBER et al., Respondents. (Action No. 1.) SUSAN THOMAS et al., Plaintiffs, v LILLIAN A. SCHAUMEYER, Appellant, KENNETH B. FAERBER et al., Respondents, et al., Defendant. (Action No. 2.) [675 NYS2d 372] —In two related actions to recover damages for personal injuries, etc., Lillian A. Schaumeyer, a defendant in Action Nos. 1 and 2, appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated October 31, 1997, as denied those branches of her cross motion which were for summary judgment dismissing the complaint in Action No. 1 insofar as asserted against her and all cross claims insofar as asserted against her in Action Nos. 1 and 2.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the appellant's cross motion is granted, the complaint in Action No. 1 and all cross claims in Action Nos. 1 and 2 are dismissed insofar as asserted against her, and the actions against the remaining defendants are severed.

When a driver approaches another vehicle from the rear, he is bound to maintain a reasonably safe rate of speed and use reasonable care to avoid colliding with the other vehicle (*see, Barile v Lazzarini,* 222 AD2d 635; *Benyarko v Avis Rent A Car Sys.,* 162 AD2d 572, 573; *Young v City of New York,* 113 AD2d 833, 834). Thus, a rear-end collision into a stopped vehicle establishes a prima facie case of negligence on the part of the operator of the moving vehicle and imposes a duty of explanation on that operator to rebut the inference of negligence created by the collision (*see, Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132, 135).

The proof submitted upon the appellant's cross motion for summary judgment was sufficient to establish, as a matter of law, that she was at a complete stop when she was struck in the rear by the vehicle operated by the defendant Kenneth B. Faerber and owned by the defendant Clifton Elevator Service, and thereby propelled into the rear of the vehicle in front of her, driven by the plaintiff Martino Caputo. In addition, the defendant Faerber failed to come forward with any evidence to rebut the inference of negligence created by the collision. Hence, although the court granted that branch of the appellant's cross motion which was to dismiss the complaint in Action No. 2 insofar as asserted against her, the court erred in failing to grant that branch of the appellant's cross motion which was to dismiss the complaint in Action No. 1 and all cross claims insofar as asserted against her in Action Nos. 1 and 2 (*see, Daliendo v Johnson,* 147 AD2d 312, 321; *Dickens v Merritt,* 123 AD2d 738, 739; *Silberman v Surrey Cadillac Limousine Serv.,* 109 AD2d 833). Miller, J. P., Sullivan, Friedmann and McGinity, JJ., concur.