■ GENNADLY ITINGEN, Respondent-Appellant, v MICHAEL WEINSTEIN, Respondent, and MELVIN BROWN et al., Appellants-Respondents. (And a Related Action.) [688 NYS2d 582] —In an action to recover damages for personal injuries, the defendants Melvin Brown and Baab Trucking Corporation appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated January 30, 1998, as granted that branch of the motion of the defendant Michael Weinstein which was for summary judgment dismissing all cross claims asserted against him, and the plaintiff Gennadly Itingen cross-appeals from the same order.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

It is undisputed that the vehicle owned and operated by the defendant Michael Weinstein was struck from behind by a vehicle operated by the defendant Melvin Brown and owned by the defendant Baab Trucking Corporation. A rear-end collision is sufficient to create a prima facie case of liability and imposes a duty of explanation with respect to the operator of the offending vehicle. Conclusory allegations in opposition do not rebut the inference of negligence created by the unexplained rear-end collision (*see, Young v City of New York,* 113 AD2d 833, 834). In the case at bar, Brown's mere speculation that Weinstein may have stopped short prior to the impact is insufficient to defeat a motion for summary judgment (*see, Leal v Wolff,* 224 AD2d 392; *Silberman v Surrey Cadillac Limousine Serv.,* 109 AD2d 833; *see also,* Vehicle and Traffic Law § 1129 [a]). Accordingly, the Supreme Court properly granted Weinstein's motion. Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.