■ BRYAN KEENAN et al., Respondents, v HOWARD RAVIT, Appellant, and PETER ELLWANGER et al., Respondents. [691 NYS2d 163] —In an action to recover damages for personal injuries and property damage, the defendant Howard Ravit appeals from an order of the Supreme Court, Queens County (Thomas, J.), dated April 22, 1998, which denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

This action arises from a three-vehicle, chain-reaction collision which occurred when the front of a vehicle driven by the defendant Peter Ellwanger and owned by the defendant Karl Ehmer, Inc., collided with the rear end of a vehicle driven by the appellant Howard Ravit, which then collided with the rear end of a vehicle driven by the plaintiff Bryan Keenan and owned by the plaintiff Barbara Keenan.

It is well settled that on a motion for summary judgment to dismiss the complaint, the movant must establish his or her defense sufficiently to warrant a court's grant of judgment in his or her favor as a matter of law (see, Zuckerman v City of New York, 49 NY2d 557, 562). The initial burden is on the movant to establish by means of admissible evidence his or her prima facie entitlement to judgment as a matter of law (see, McCormack v Graphic Mach. Servs., 139 AD2d 631, 632).

Here, evidence was adduced which indicated that the appellant's vehicle had come to a stop before the Ellwanger vehicle struck it in the rear and caused it to collide with the plaintiffs' vehicle. Further, while there is no evidence that the appellant stopped abruptly or that his brake lights were not working, it appears that Ellwanger was not continually observing the road in front of him. The appellant therefore established, prima facie, that there were no issues of fact as to whether he acted negligently in failing to avoid the collision (see, DiPaolo v Buono, 235 AD2d 386). Once the appellant proffered a nonnegligent explanation for striking the plaintiffs' vehicle in the rear, the parties opposing his motion had the burden to raise a triable issue of fact as to whether the appellant was negligent

in failing to avoid the three-vehicle collision. They failed to do this, and the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him must be granted. Krausman, J. P., McGinity, Feuerstein and Smith, JJ., concur.