■ CAROLE LEONARD, as Executor of DAVID LEONARD, Deceased, et al., Appellants, v CITY OF NEW YORK et al., Respondents. [708 NYS2d 467] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Weiss, J.), dated August 27, 1998, which denied their motion for partial summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is granted, and the matter is remitted to the Supreme Court, Queens County, for an inquest on damages.

A rear-end collision with a stopped vehicle creates a prima facie case of liability in favor of the operator of the stationary vehicle unless the operator of the moving vehicle can come forward with an adequate, nonnegligent explanation for the accident (*see, Lopez v Minot,* 258 AD2d 564; *Mundo v City of Yonkers,* 249 AD2d 522; *Miller v Irwin,* 243 AD2d 546; *Parise v Meltzer,* 204 AD2d 295). The operator of the moving vehicle is required to rebut the inference of negligence created by an unexplained rear-end collision, because he is in the best position to explain whether the collision was due to a reasonable,

nonnegligent cause. If the operator of the moving vehicle cannot come forward with any evidence to rebut the inference of negligence, the operator of the stationary vehicle may properly be awarded summary judgment on the issue of liability (*see, Lopez v Minot, supra*).

Here, the evidence establishes that the plaintiffs' decedent was bringing his vehicle to a stop because vehicles in front of him were stopping. The plaintiffs' decedent was able to bring his vehicle to a safe stop, but there was no explanation as to why the defendant driver, Michael Daddario, could not do the same. The defendant driver was under a duty to maintain a safe distance between his vehicle and the vehicle of the plaintiffs' decedent (*see,* Vehicle and Traffic Law § 1129), and his failure to do so in the absence of a reasonable explanation constituted negligence as a matter of law (*see, Lopez v Minot, supra*). Since the defendants failed to raise a triable issue of fact, the plaintiffs were entitled to partial summary judgment on the issue of liability. Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.