■ ERIC V. CERDA, Plaintiff, v PAMELA PARSLEY et al., Defendants. (Action No. 1.) RUFUS J. SMITH, JR., et al., Respondents, v FREDERICK E. THOMPSON et al., Respondents, and MIGUEL MORA et al., Appellants. (Action No. 2.) STACY DIEMER et al., Respondents, v FREDERICK E. THOMPSON et al., Respondents, and ERIC V. CERDA et al., Appellants. (Action No. 3.) PAMELA PARSLEY, Respondent, v FREDERICK E. THOMPSON et al., Respondents, and MIGUEL MORA et al., Appellants. (Action No. 4.) [709 NYS2d 585] —In four related actions, *inter alia*, to recover damages for personal injuries, Eric V. Cerda and Miguel Mora, defendants in Actions Nos. 2, 3, and 4, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated April 21, 1999, as denied their motion for summary judgment dismissing the complaints insofar as asserted against them and all cross claims against them in Actions Nos. 2, 3, and 4, and granted that branch of the cross motion of Stacy Diemer and Deborah Diemer, the plaintiffs in Action No. 3, for partial summary judgment on the issue of liability against them in that action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaints and all cross claims in Actions Nos. 2, 3, and 4, insofar as asserted against the appellants are dismissed, and that branch of the cross motion of Stacy Diemer and Deborah Diemer which was for partial summary judgment on the issue of liability against the appellants in Action No. 3 is denied.

The appellant Eric V. Cerda was the operator of the third vehicle involved in a six-vehicle chain-reaction collision. The vehicle was owned by the appellant Miguel Mora. Cerda succeeded in safely coming to a complete stop behind the second vehicle prior to the accident. Furthermore, it appears that the sixth vehicle in the chain struck the vehicle in front of it, thereby setting off a chain reaction in which each vehicle was propelled into the vehicle ahead of it.

Cerda and Mora contend that they are entitled to summary judgment because the evidence presented established that Cerda was not negligent in her operation of Mora's vehicle. We agree. It is well settled that a rear-end collision into a stopped vehicle creates a prima facie case of negligence on the part of

the offending vehicle and imposes a duty of explanation on that operator (*see, Lopez v Minot,* 258 AD2d 564; *Leal v Wolff,* 224 AD2d 392). The operator of the offending vehicle is in the best position to explain whether the collision was due to a reasonable, non-negligent cause (*see, Higgins v Ridgewood Sav. Bank,* 262 AD2d 357; *Lopez v Minot, supra*). Once the operator of the offending vehicle offers a non-negligent explanation, his or her adversary has the burden of raising a triable issue of fact as to whether the operator was negligent in failing to avoid the collision (*see, Keenan v Ravit,* 262 AD2d 366).

Here, Cerda succeeded in establishing that she was not negligent in this accident by demonstrating that she safely brought her vehicle to a complete stop prior to the accident. No evidence was submitted which suggested that Cerda acted negligently or caused or contributed to the collision in any manner (*see, e.g., Chamberlin v Suffolk County Labor Dept.,* 221 AD2d 580). Accordingly, the Supreme Court erred in denying the appellants' motion for summary judgment and in granting that branch of the Diemers' cross motion which was for summary judgment against them in Action No. 3. Santucci, J. P., Thompson, Friedmann and Krausman, JJ., concur.