■ MICHAEL A. SANTARPIA et al., Respondents, v FIRST FIDELITY LEASING GROUP, INC., et al., Respondents, and DENNIS BALTUCH, Appellant. [712 NYS2d 57] —In an action to recover damages for personal injuries, etc., the defendant Dennis Baltuch appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Ponterio, J.), dated December 10, 1999, as denied his cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the defendant Dennis Baltuch, and the action against the remaining defendants is severed.

It is undisputed that a vehicle operated by the defendant Ravi Gopal struck the rear of a vehicle operated by the defendant Dennis Baltuch, propelling Baltuch's vehicle into the rear of a vehicle operated by the plaintiff Michael A. Santarpia. It is also undisputed that both the Baltuch vehicle and the Santarpia vehicle were stopped in traffic at the time of the collision. The Supreme Court denied Baltuch's motion for summary judgment finding that Gopal had raised a triable issue of fact.

It is well settled that a rear-end collision with a stopped automobile creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on the operator of the moving vehicle to explain how the accident occurred (*see, Dwyer v Cohen,* 262 AD2d 600; *see generally, Leal v Wolff,* 224 AD2d 392). The offending operator may rebut the presumption by offering a non-negligent explanation for the collision (*see, Power v Hupart,* 260 AD2d 458). Contrary to the determination of the Supreme Court, Gopal's deposition testimony that he could not remember whether he observed the brake lights in operation on the Baltuch vehicle prior to the collision, does not adequately rebut the inference of negligence (*see, Lopez v Minot,* 258 AD2d 564). Accordingly, because Gopal failed to raise a triable issue of fact, Baltuch is entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against him. O'Brien, J. P., Thompson, Sullivan and Altman, JJ., concur.