■ BERNADETTE HARRIS, Plaintiff, v BARBARA RYDER et al., Defendants. (Action No. 1.) CAROL ANDERSON, Respondent, v EILEEN RYDER et al., Respondents, and CAMILLE STANISLAUS et al., Appellants. (Action No. 2.) [739 NYS2d 195] —In two related actions to recover damages for personal injuries, Camille Stanislaus and Bernadette Louise Harris, defendants in Action No. 2, appeal from an order of the Supreme Court, Kings County (Johnson, J.), dated April 27, 2001, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, the complaint and all cross claims in Action No. 2 are dismissed insofar as asserted against the appellants, and that action is severed against the remaining defendants.

These actions arise out of a three-vehicle collision which occurred at the intersection of Eastern Parkway and Atlantic Avenue in Brooklyn. A vehicle owned by Eileen Ryder and operated by Barbara Ryder, defendants in both actions, hit the rear of a vehicle owned by Camille Stanislaus, a defendant in Action No. 2, and operated by Bernadette Louise Harris, also a defendant in Action No. 2. The impact propelled the Stanislaus

vehicle into the vehicle in front of it, owned and operated by Carol Anderson, the plaintiff in Action No. 2 (hereinafter the plaintiff). In support of their motion for summary judgment in Action No. 2, the defendants Stanislaus and Harris established that their vehicle, after coming to a complete stop, was struck in the rear by the vehicle operated by the defendant Ryder. The Supreme Court denied the motion of Stanislaus and Harris. We reverse.

It is well settled that "[a] rear-end collision with a stopped vehicle creates a prima facie case of liability" with respect to the operator of the moving vehicle "unless the operator of the moving vehicle can come forward with an adequate, nonnegligent explanation for the accident" (*Leonard v City of New York,* 273 AD2d 205; *see also, Barile v Lazzarini,* 222 AD2d 635).

Under these circumstances, the defendants Stanislaus and Harris provided a nonnegligent reason for hitting the rear of the plaintiff's vehicle (*see, Campanella v Moore,* 266 AD2d 423). The fact that the plaintiff heard and felt only one impact does not raise a triable issue of fact as to the sequence of impacts involved in the accident, and the defendants Stanislaus and Harris were entitled to summary judgment dismissing the plaintiff's complaint and cross claims insofar as asserted against them (*see, Donohue v Young,* 277 AD2d 347; *contrast Acampora v Davis,* 203 AD2d 399; *Sterrett v Safe Chrysler Plymouth,* 289 AD2d 396; *Geschwind v Hoffman,* 285 AD2d 448; *see also, Leonard v City of New York, supra; Campanella v Moore, supra*). Krausman, J.P., Friedmann, Adams and Crane, JJ., concur.