■ DIANA BUSTILLO, Plaintiff, v JEAN H. MATTURRO, Respondent, and BRENDON J. ROTH, Defendant and Third-Party Plaintiff-Appellant. DENISE E. MAURIELLO, Third-Party Defendant-Respondent. (Action No. 1.) DENISE E. MAURIELLO, Respondent, v JEAN H. MATTURRO, Respondent, and BRENDON J. ROTH, Appellant. (Action No. 2.) [740 NYS2d 360] —In two related actions to recover damages for personal injuries, Brendon J. Roth, the defendant third-party plaintiff in Action No. 1, and a defendant in Action No. 2, appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), dated April 18, 2001, as granted that branch of the motion of Jean H. Matturro, a defendant in both actions, which was for summary judgment dismissing the cross claims insofar as asserted against her, and granted the cross motion of Denise E. Mauriello, the third-party defendant in Action No. 1 and the plaintiff in Action No. 2, for summary judgment against him on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to Jean H. Matturro.

These actions arise out of a three-vehicle collision. The complaints allege that the vehicle operated by Jean H. Matturro, a defendant in both actions, was struck in the rear by a vehicle operated by Brendon J. Roth, the defendant third-party plaintiff in Action No. 1 and a defendant in Action No. 2. The

impact propelled the Matturro vehicle into the vehicle in front of it, which was operated by Denise E. Mauriello, the third-party defendant in Action No. 1 and the plaintiff in Action No. 2. Diana Bustillo, the plaintiff in Action No. 1, was a passenger in Mauriello's vehicle.

It is well established that a rear-end collision with a stopped vehicle creates a prima facie case of liability with respect to the operator of the moving vehicle, unless the operator of the moving vehicle comes forward with an adequate, nonnegligent explanation for the accident (*see Leonard v City of New York,* 273 AD2d 205; *see also Jeremic v Tong,* 283 AD2d 461; *Leal v Wolff,* 224 AD2d 392). If the operator of the moving vehicle cannot come forward with evidence to rebut the inference of negligence, the operator of the stationary vehicle is entitled to summary judgment (*see Dileo v Greenstein,* 281 AD2d 586; *Lopez v Minot,* 258 AD2d 564).

The movants met their burden of establishing their entitlement to judgment as a matter of law. In support of their respective motion and cross motion, the movants cited deposition testimony which indicated that their vehicles were stopped when the vehicle driven by Roth hit Matturro's vehicle from the rear. Matturro's vehicle was then propelled into Mauriello's vehicle (*see Dileo v Greenstein, supra; Leonard v City of New York, supra; Leal v Wolff, supra*). In opposition, Roth relied upon speculation and the opinions of people without personal knowledge to argue that Matturro's vehicle may have hit Mauriello's vehicle before it was hit by his vehicle. Roth's opposition was insufficient to raise a triable issue of fact as to his liability (*cf. Viggiano v Camara,* 250 AD2d 836; *Omrami v Socrates,* 227 AD2d 459; *see also Zuckerman v City of New York,* 49 NY2d 557; *Guzman v Lundy,* 285 AD2d 626; *Levine v Taylor,* 268 AD2d 566). Prudenti, P.J., Feuerstein, Luciano and Schmidt, JJ., concur.