■ RAYMOND McNULTY et al., Respondents, v SALVATORE DePETRO, Appellant, and HOWARD SHERMAN, Respondent. [750 NYS2d 89] —In an action to recover damages for personal injuries, the defendant Salvatore DePetro appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Galasso, J.), entered May 4, 2001, as denied his motion for summary judgment dismissing the complaint and the cross claim insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, with costs, the motion is granted, the complaint and the cross claim are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The instant action arises out of an alleged three-vehicle collision involving the plaintiffs, the appellant, and the defendant Howard Sherman. It is undisputed that Sherman's vehicle struck the appellant's vehicle from the rear while the appellant was stopped in heavy traffic on the Southern State Parkway. According to the plaintiffs and the appellant, the appellant's vehicle was then propelled into the rear of the plaintiffs' vehicle, which was directly in front of him. Sherman, however, claimed that the appellant's vehicle never struck the plaintiffs' vehicle. Following discovery, the Supreme Court denied the appellant's motion to dismiss the complaint and the cross claim insofar as asserted against him. We reverse and grant the appellant's motion.

"It is well established that a rear-end collision with a stopped vehicle creates a prima facie case of liability with respect to the operator of the moving vehicle, unless the operator of the moving vehicle comes forward with an adequate, nonnegligent explanation for the accident * * * If the operator of the moving vehicle cannot come forward with evidence to rebut the inference of negligence, the operator of the stationary vehicle is entitled to summary judgment" (*Bustillo v Matturro,* 292 AD2d 554, 555; *see Harris v Ryder,* 292 AD2d 499, 500; *Santarpia v First Fid. Leasing Group,* 275 AD2d 315; *Cerda v Parsley,* 273 AD2d 339, 340; *Leonard v City of New York,* 273 AD2d 205).

Although a factual dispute exists as to whether the appellant's vehicle struck the plaintiffs' vehicle, under either factual scenario, the appellant does not bear any liability as a matter of law. The appellant successfully established that he was not negligent in causing the alleged collision between himself and the plaintiffs, and no evidence was submitted which suggested that he in any way contributed to the alleged collision (*see Harris v Ryder, supra; Leonard v City of New York, supra*). Conversely, Sherman failed to come forward with a nonnegligent explanation for his collision with the appellant, and his testimony that the appellant's vehicle never collided with the plaintiffs' vehicle does not raise a triable issue of fact as to the appellant's liability (*see Bustillo v Matturro, supra*). Logically, the appellant cannot be held liable if his vehicle never struck the plaintiffs' vehicle. Therefore, the appellant is entitled to summary judgment dismissing the complaint and the cross claim insofar as asserted against him (*see Bustillo v Matturro, supra; Harris v Ryder, supra; Santarpia v First Fid. Leasing Group, supra; Cerda v Parsley, supra; Leonard v City of New York, supra*). S. Miller, J.P., Friedmann, Crane and Rivera, JJ., concur.