■ CATHERINE LEWIS, Respondent-Appellant, and JACOB LEWIS, JR., et al., Respondents, v MURIEL KITTAY et al., Appellants-Respondents, and JACQUES L. THORNTON, Respondent. [760 NYS2d 869] —In an action to recover damages for personal injuries, the defendants Muriel Kittay and Michael John Delape appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ruditzky, J.), dated June 20, 2002, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the plaintiff Catherine Lewis cross-appeals from the same order.

Ordered that the cross appeal is dismissed as abandoned (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the defendants Muriel Kittay and Michael John Delape, and the action against the remaining defendant is severed; and it is further,

Ordered that one bill of costs is awarded to the defendants Muriel Kittay and Michael John Delape.

This action arose from an automobile accident in which a vehicle owned and operated by the defendant Jacques Thornton collided with the rear of a vehicle owned by the defendant Muriel Kittay and operated by the defendant Michael John Delape (hereinafter the appellants) which, in turn, was propelled into the rear of a vehicle owned and operated by the plaintiff Catherine Lewis. Both the Lewis vehicle and the appellants' vehicle were completely stopped in traffic when the appellants' vehicle was struck by the Thornton vehicle. After depositions were held, the appellants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. While the plaintiffs opposed the motion, Thornton did not.

The appellants demonstrated their prima facie entitlement

to judgment as a matter of law by submitting evidence establishing a nonnegligent explanation for the rear-end collision with the Lewis vehicle. In opposition to the motion, the plaintiffs failed to raise a triable issue of fact as to whether Delape was negligent. Consequently, the Supreme Court should have granted the appellants' motion (*see Keenan v Ravit,* 262 AD2d 366 [1999]; *Caputo v Schaumeyer,* 252 AD2d 512 [1998]; *Reid v Courtesy Bus Co.,* 234 AD2d 531 [1996]). Altman, J.P., Florio, Adams and Rivera, JJ., concur.