■ AUNDRAY BURNS, Respondent, v JUAN GONZALEZ, Respondent, and OWEN DAWKINS, Appellant. [763 NYS2d 603] —Or-

der, Supreme Court, Bronx County (Jerry Crispino, J.), entered on or about August 13, 2002, which denied defendant Owen Dawkins' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion granted.* The Clerk is directed to enter judgment in favor of defendant Owen Dawkins dismissing the complaint as against him.

This is a personal injury action in which plaintiff claims he sustained personal injuries as the result of a three-car collision involving automobiles driven by himself, Gonzalez and Dawkins. Plaintiff testified at an examination before trial that he was stopped at a traffic light when a Lincoln Town Car, operated by Gonzalez, struck the rear of his automobile. Plaintiff further testified that the force of the collision propelled his car into Dawkins' car, which was stopped in front of plaintiff's car at the traffic signal. Dawkins' deposition testimony paints, essentially, the same version of the accident.

Dawkins moved for summary judgment by notice of motion dated June 24, 2002. In his moving papers, Dawkins acknowledged that his motion was untimely in that it should have been filed approximately one month earlier, but argued that notwithstanding the lateness of the motion, summary judgment should be granted because plaintiff could not show prejudice resulting from the delay and because from the facts presented, Dawkins was clearly not negligent.

The motion court denied Dawkins' motion and held that he had failed to establish "good cause" for failing to timely file the application pursuant to CPLR 3212 (a). The motion court also concluded, without any discussion, that "[f]actual questions" existed as to the liability of all of the drivers involved in the accident. After a review of the record, we disagree and reverse.

Initially, we find that the motion court, which is afforded wide latitude in exercising its discretion to entertain a late motion for summary judgment, improvidently exercised that discretion, where, as here, the delay of just over one month was minimal, plaintiff failed to demonstrate that he was prejudiced by the delay and, because the motion addressed a potentially determinative matter, its consideration was warranted in advance of trial in the interest of judicial economy (*see Garrison v City of New York*, 300 AD2d 14, 15 [2002], *lv denied* 99 NY2d 510 [2003]; *Cruz v City of New York*, 292 AD2d

---

* Plaintiff Aundray Burns has advised the Court that he has chosen not to oppose Dawkins' appeal, and defendant Juan Gonzalez has also elected not to file a brief in opposition.

209 [2002]; *Luciano v Apple Maintenance & Servs.*, 289 AD2d 90, 90-91 [2001]).

With regard to the merits of Dawkins' motion, while it is true that negligence cases do not generally lend themselves to resolution by a motion for summary judgment, such a motion may be granted where the facts clearly point to the negligence of one party without any culpable conduct by the other (*see McNulty v DePetro*, 298 AD2d 566 [2002]; *Barnes v Lee*, 158 AD2d 414 [1990]; *Morowitz v Naughton*, 150 AD2d 536 [1989]). It is also well settled that a rear-end collision with a stopped vehicle creates a presumption that the operator of the moving vehicle was negligent, thus entitling the injured occupants of the front vehicle to summary judgment on liability unless the driver of the moving vehicle can proffer a nonnegligent explanation for the collision (*Agramonte v City of New York*, 288 AD2d 75, 76 [2001]; *Johnson v Phillips*, 261 AD2d 269, 271 [1999]; *Danza v Longieliere*, 256 AD2d 434, 435 [1998], *lv dismissed* 93 NY2d 957 [1999]).

Although the record herein suggests that the accident may have occurred in different ways, no version suggests any negligence on the part of Dawkins, as there is agreement that Dawkins' vehicle was stopped when plaintiff's vehicle collided with it. Since there is no triable issue of fact with regard to Dawkins, summary judgment should have been granted. Concur—Nardelli, J.P., Tom, Rosenberger and Gonzalez, JJ.