█ Cislyn O. Harriott et al., Respondents, v David Pender et al., Appellants-Respondents. [772 NYS2d 341]—

In an action to recover damages for personal injuries, the defendant David Pender appeals from so much of an order of the Supreme Court, Kings County (Ambrosio, J.), dated November 18, 2002, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, and the defendant Iran Rowe separately appeals, as limited by his brief, from so much of the same order as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from by the defendant David Pender, on the law, the motion by the defendant David Pender is granted, the complaint and all cross claims are dismissed insofar as asserted against that defendant, and the action against the defendant Iran Rowe is severed; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Iran Rowe; and it is further,

Ordered that one bill of costs is awarded to the defendant David Pender payable by the plaintiff; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendant Iran Rowe.

On September 6, 1999, the plaintiff Phyllis Kendall was a front-seat passenger in a vehicle owned and driven by the defendant David Pender, and the plaintiff Cislyn O. Harriott was a front seat passenger in a vehicle owned and driven by the defendant Iran Rowe. Pender's vehicle was stopped behind another vehicle at a red traffic light on Utica Avenue in Brooklyn. Pender's vehicle was then hit in the rear by Rowe's vehicle, pushing Pender's vehicle into the vehicle in front of it.

It is well settled that a rear-end collision into a stopped vehicle establishes a prima facie case of negligence with respect to the operator of the moving vehicle. If the operator of the moving vehicle rebuts the plaintiffs' prima facie case with an adequate, non-negligent explanation as to how the accident occurred, then the operator may not be liable (see *Simpson v Eastman,* 300 AD2d 647 [2002]).

Rowe's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him

was properly denied since he was unable to present an adequate non-negligent explanation for hitting the vehicle in front of him. Although he claimed that his vehicle was hit from behind, conflicting testimony regarding this claim was presented and therefore, an issue of fact remains (*see Reid v Courtesy Bus Co.,* 234 AD2d 531 [1996]).

Although the record herein suggests that the accident may have occurred in different ways, no version suggests any negligence on the part of Pender, as it is undisputed that Pender's vehicle was stopped at a red traffic light when Rowe's vehicle hit it (*see Harris v Ryder,* 292 AD2d 499 [2002]; *Burns v Gonzalez,* 307 AD2d 863 [2003]). Therefore, Pender established an adequate non-negligent explanation for his part in the accident and his motion should have been granted (*see Harris v Ryder, supra; McNulty v DePetro,* 298 AD2d 566 [2002]). Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.