■ LAURIE J. MACAULEY, Appellant, et al., Plaintiff, v ELRAC, INC., et al., Respondents. [775 NYS2d 78]—

In an action to recover damages for personal injuries, etc., the plaintiff Laurie J. Macauley, appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated November 26, 2002, as denied that branch of her motion which was for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, that branch of the motion which was for summary judgment on the issue of liability is granted, and the matter is remitted to the Supreme Court, Dutchess County, for a trial on the issue of damages.

This case involves a multi-vehicle accident. On May 18, 1999, a vehicle operated by the defendant Cheryl A. DePaolo and owned by the defendant ELRAC, Inc. (hereinafter the DePaolo vehicle), came into contact with the rear of the vehicle operated by the plaintiff Laurie J. Macauley (hereinafter the plaintiff). According to the plaintiff, she was stopped at a red traffic light for approximately 10 seconds, when she heard "screeching brakes" and felt the DePaolo vehicle hit the rear of her vehicle. The impact pushed the plaintiff's vehicle into the rear of the vehicle in front of her, causing that vehicle to hit another vehicle.

At her deposition, DePaolo testified that prior to the collision between the vehicle that she was operating and the plaintiff's vehicle, she heard "squealing brakes" in front of her and "the sound of a car hitting another car." DePaolo did not identify which two cars allegedly collided prior to her accident with the plaintiff. Further, DePaolo did not recall seeing any brake lights or tail lights illuminated on the plaintiff's vehicle before her vehicle collided with it.

The plaintiff and her husband commenced this action, inter alia, to recover damages for personal injuries. Thereafter, the plaintiff moved, inter alia, for summary judgment on the issue of liability. The Supreme Court denied that branch of her motion. We reverse.

"[W]hen the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle" (*Chepel v Meyers*, 306 AD2d 235, 236 [2003]; *see* Vehicle and Traffic Law § 1129 [a]). "A rear-end collision is sufficient to create a prima facie case of liability and imposes a duty of explanation with respect to the operator of the offending vehicle" (*Levine v Taylor*, 268 AD2d 566 [2000]; *see Itingen v Weinstein*, 260 AD2d 440 [1999]). Conclusory allegations in opposition do not rebut the inference of negligence created by an unexplained rear-end collision (*see Itingen v Weinstein, supra*).

DePaolo's testimony that she did not recall seeing brake lights or tail lights illuminated on the plaintiff's vehicle before the collision did not adequately rebut the inference of negligence (*see Gross v Marc*, 2 AD3d 681 [2003]; *Waters v City of New York*, 278 AD2d 408, 409 [2000]; *Santarpia v First Fid. Leasing Group*, 275 AD2d 315 [2000]).

Further, the defendants' contention that the plaintiff caused or contributed to the accident because DePaolo heard "squealing brakes" and "the sound of a car hitting another car" before the collision was merely speculative and insufficient to defeat that branch of the motion which was for summary judgment on the issue of liability (*see Levine v Taylor, supra; Itingen v Weinstein, supra*).

Thus, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability. Santucci, J.P., Florio, Schmidt and Rivera, JJ., concur.