■ ALEKSANDR MILSKIY, Respondent, v SAUMIL SOLANKY et al., Defendants, and ANTHONY BENTO, Appellant. [777 NYS2d 734]—

In an action to recover damages for personal injuries, the defendant Anthony Bento appeals from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated February 10, 2003, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

On June 16, 2001, the defendant Anthony Bento was driving on the Belt Parkway when his vehicle struck the rear of a vehicle driven by the defendant Edward Ryzhak and owned by the defendant Iren Ryzhak. The Ryzhak vehicle then struck the plaintiff, who was standing in the roadway after an earlier accident in the same area.

A "rear-end collision establishes a prima facie case of negligence on the part of the driver of the offending vehicle and imposes a duty on him or her to explain how the accident occurred" (*McGregor v Manzo*, 295 AD2d 487 [2002]; *see Bustillo v Matturro*, 292 AD2d 554, 555 [2002]; *Danza v Longieliere*, 256 AD2d 434, 435 [1998]). The plaintiff demonstrated his entitlement to summary judgment by establishing that Bento struck the rear of another vehicle on the roadway, which then struck the plaintiff. Since Bento was unable to meet his burden of demonstrating a non-negligent cause for the accident, the Supreme Court properly granted summary judgment in favor of the plaintiff on the issue of Bento's liability. Other issues, such

as the plaintiff's contributory negligence, what part, if any, the initial accident played, and the apportionment of damages have not been determined on this appeal. Prudenti, P.J., Smith, Goldstein and Crane, JJ., concur.