■ RENEL BEAUSEJOUR et al., Respondents, v ZAHEER UDDIN NASEER et al., Defendants, and DICK FRENCH, Appellant. [805 NYS2d 646]—In an action to recover damages for personal injuries, the defendant Dick French appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated December 1, 2004, as denied as untimely his motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, with costs, the motion is granted, upon searching the record, the motion of the defendants Zaheer Uddin Naseer and Akbar Cars, Inc., for summary judgment dismissing the complaint insofar as asserted against them is granted, and the complaint is dismissed in its entirety.

The Supreme Court erred in denying the appellant's cross motion for summary judgment as untimely. That motion, as well as the motion of the nonappealing defendants Zaheer Uddin Naseer and Akbar Cars, Inc. (hereinafter the defendants), for summary judgment, were both made well within the time period for bringing such motions which was specified by an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated February 4, 2004. Accordingly, the separate motions should have been decided on the merits (see Dodds v Alfaro, 290 AD2d 412 [2002]).

The appellant and the defendants made a prima facie showing that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether either of them sustained a serious injury within the meaning of Insurance Law § 5102 (d) (see Pommells v Perez, 4 NY3d 566 [2005]; Puerto v Omholt, 17 AD3d 650, 651 [2005]; Kearse v New York City Tr. Auth., 16 AD3d 45, 49-50 [2005]). Therefore, the appellant and the defendants were entitled to summary judgment dismissing the complaint. We note that, although the defendants did not appeal from the order, this Court has the power to search the record and award summary judgment to a non-appealing party (see Dunham v Hilco Constr. Co., 89 NY2d 425 [1996]; Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 110-111 [1984]; Rodriguez v Kimco Centereach 605, 298 AD2d 571

[2002]). H. Miller, J.P., Crane, Krausman, Rivera and Lifson, JJ., concur.