■ IZABELLA PILTSER et al., Appellants, v DONNA LEE MANAGEMENT CORP. et al., Respondents, et al., Defendant. [816 NYS2d 543]—

In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated November 18, 2005, as denied their motion for summary judgment on the issue of liability against the defendants Donna Lee Management Corp. and Michael L. Kanarek.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the respondents to the plaintiffs, the motion is granted, upon searching the record, the cross motion of the defendant Joseph Santangelo, 3rd, for summary judgment on the issue of liability on his cross claim asserted against the defendants Donna Lee Management Corp. and Michael L. Kanarek, and in effect, for summary judgment dismissing the complaint and the cross claim insofar as asserted against him is granted, and the complaint and cross claim are

dismissed insofar as asserted against the defendant Joseph Santangelo, 3rd.

This action arises from a three-car collision. A vehicle owned by the defendant Donna Lee Management Corp. and operated by the defendant Michael L. Kanarek (hereinafter collectively the respondents) hit the rear of the vehicle in which the plaintiffs were passengers, propelling it into a vehicle operated by the defendant Joseph Santangelo, 3rd. The plaintiffs moved for summary judgment on the issue of liability against the respondents, and Santangelo cross-moved for summary judgment on the issue of liability on his cross claim against the respondents and, in effect, for summary judgment dismissing the complaint and the cross claim insofar as asserted against him.

A rear-end collision with a stopped vehicle creates a prima facie case of liability against the operator of the moving vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Milskiy v Solanky*, 8 AD3d 353 [2004]; *Bustillo v Matturro*, 292 AD2d 554, 555 [2002]; *Leonard v City of New York*, 273 AD2d 205 [2000]). If the operator of the moving vehicle cannot come forward with evidence to rebut the inference of negligence, the occupants and owner of the stationary vehicle are entitled to summary judgment on the issue of liability (*see Dileo v Greenstein*, 281 AD2d 586 [2001]; *Leonard v City of New York, supra* at 206; *Lopez v Minot*, 258 AD2d 564 [1999]).

The plaintiffs met their burden of establishing their prima facie entitlement to judgment on the issue of liability as a matter of law. In opposition, the respondents failed to submit an affidavit from a person with personal knowledge of the facts either denying the plaintiffs' allegations or offering a nonnegligent explanation for the collision (*see Arbizu v REM Transp., Inc.*, 20 AD3d 375, 376 [2005]). Furthermore, the respondents' mere hope that evidence sufficient to defeat the motion may be uncovered during the discovery process was insufficient to defeat the motion (*see Neryaev v Solon*, 6 AD3d 510 [2004]; *Spatola v Gelco Corp.*, 5 AD3d 469, 470 [2004]; *Frouws v Campbell Foundry Co.*, 275 AD2d 761 [2000]). Accordingly, the plaintiffs and Santangelo were entitled to summary judgment on the issue of liability as against the respondents.

Although Santangelo did not appeal from the order, this Court has the authority to search the record and award summary judgment to a non-appealing party with respect to an issue that was the subject of the motion before the Supreme Court (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]; *Mer-*

*ritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111 [1984]; *Colon v Vargas,* 27 AD3d 512, 513 [2006]; *Beausejour v Naseer,* 24 AD3d 404 [2005]; *Rodriguez v Kimco Centereach 605,* 298 AD2d 571, 572 [2002]). Upon searching the record, we grant Santangelo's cross motion for summary judgment on the issue of liability on his cross claim against the respondents, and in effect, for summary judgment dismissing the complaint and cross claims insofar as asserted against him, and dismiss the complaint and the cross claim insofar as asserted against him, and award him summary judgment on the issue of liability on his cross claim asserted against the respondents (*see* CPLR 3212 [b]). Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.