■ PHILIP INSINGA, Respondent, v F.C. GENERAL CONTRACTING et al., Appellants-Respondents, RYDER et al., Respondents-Appellants, and PETRI BAKING PRODUCTS et al., Respondents. [823 NYS2d 513]—

In an action to recover damages for personal injuries, the defendants F.C. General Contracting and Frank J. Ciliotta appeal from so much of an order of the Supreme Court, Queens

County (Price, J.), dated December 9, 2004, as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the defendants Ryder and Chung Woo Han cross-appeal from so much of the same order as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable to the plaintiff-respondent and the defendants-respondents appearing separately and filing separate briefs.

The defendants Ryder and Chung Woo Han established their prima facie entitlement to judgment as a matter of law by submitting evidence that the vehicle owned by Ryder and driven by Han was stopped at the time of the accident (*see Garces v Karabelas*, 17 AD3d 633 [2005]; *Macauley v Elrac, Inc.*, 6 AD3d 584 [2004]). In response to this prima facie showing, however, the plaintiff raised triable issues of fact as to whether Han was also negligent in the operation of his vehicle by following too closely, driving too fast for the traffic conditions, or making an inappropriate sudden stop (*see Thoman v Rivera*, 16 AD3d 667 [2005]; *Brodie v Global Asset Recovery, Inc.*, 12 AD3d 390 [2004]; *Martin v Pullafico*, 272 AD2d 305 [2000]).

The defendants F.C. General Contracting and Frank J. Ciliotta also established their prima facie entitlement to judgment as a matter of law by submitting evidence that the vehicle owned by F.C. General Contracting and driven by Ciliotta was stopped at the time of the accident (*see Keenan v Ravit*, 262 AD2d 366 [1999]; *Acampora v Davis*, 203 AD2d 399 [1994]). In response to this prima facie showing, however, the plaintiff raised triable issues of fact as to whether Ciliotta was also negligent in the operation of his vehicle by following too closely or cutting between the other two vehicles (*see Mohan v Puthumana*, 302 AD2d 437 [2003]; *Sing-Lam Ng v Beatty*, 300 AD2d 648 [2002]; *Rozengauz v Lok Wing Ha*, 280 AD2d 534 [2001]; *Mendiolaza v Novinski*, 268 AD2d 462 [2000]; *Silberman v Surrey Cadillac Limousine Serv.*, 109 AD2d 833 [1985]).

Therefore, the Supreme Court properly denied the motions and cross motion. Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.