— In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Westchester County (Liebowitz, J.), entered April 9, 2008, which denied their motion for summary judgment dismissing the complaint and, upon searching the record pursuant to CFLR 3212 (b), awarded summary judgment to the plaintiffs on the issue of liability.
*406 Ordered that the order is modified, on the law, by deleting the provision thereof which, upon searching the record pursuant to CPLR 3212 (b), awarded summary judgment to the plaintiffs on the issue of liability; as so modified, the order is affirmed, without costs or disbursements.
Contrary to the defendants’ contention, the Supreme Court properly denied their motion for summary judgment dismissing the complaint. The plaintiffs rebutted the prima facie showing of negligence arising from the rear-end collision by raising triable issues of fact as to whether the accident was caused by the possible negligence of the defendant Theresa Fischer in stopping her vehicle in the roadway (see Klopchin v Masri, 45 AD3d 737 [2007]; Insinga v F.C. Gen. Contr., 33 AD3d 963 [2006]; Carhuayano v J&R Hacking, 28 AD3d 413, 414 [2006]; Chepel v Meyers, 306 AD2d 235, 236 [2003]).
However, the Supreme Court erred in searching the record and awarding summary judgment to the plaintiffs on the issue of liability. The conflicting accounts of the parties as to the road conditions and the manner in which the accident occurred raised triable issues of fact regarding whether under the prevailing conditions the plaintiff Steven Boockvor maintained a safe distance from the defendants’ vehicle and traveled at a reasonably safe speed (see Insinga v F.C. Gen. Contr., 33 AD3d 963 [2006]; Faul v Reilly, 29 AD3d 626 [2006]; Chepel v Meyers, 306 AD2d 235 [2003]; Krakowska v Niksa, 298 AD2d 561 [2002]; Young v City of New York, 113 AD2d 833 [1985]).
Finally, we note that the plaintiffs improperly submitted, and the Supreme Court erroneously considered, additional evidence in an unauthorized surreply to the motion (see CPLR 2214; Flores v Stankiewicz, 35 AD3d 804, 805 [2006]). Mastro, J.P, Rivera, Covello and Leventhal, JJ., concur.