RADMILA GAVRILOVA, Respondent, v HERMAN STARK, Defendant/Third-Party Plaintiff-Appellant, and TATYANA KOLMANOVSKIY et al., Third-Party Defendants-Respondents. [11 NYS3d 656]—

In an action to recover damages for personal injuries, the defendant/third-party plaintiff appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated July 25, 2014, which granted the plaintiff's motion for summary judgment on the issue of liability, and granted the separate motions of the third-party defendants Tatyana Kolmanovskiy and Roza Tskhakova for summary judgment dismissing the third-party complaint insofar as asserted against each of them.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the plaintiff's motion for summary judgment on the issue of liability, and substituting therefor a provision denying that motion, and (2) by deleting the provision thereof granting the motion of the third-party defendant Roza Tskhakova for summary judgment dismissing

the third-party complaint insofar as asserted against her, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with one bill of costs payable by the plaintiff and the third-party defendant Roza Tskhakova to the defendant/third-party plaintiff and the third-party defendant Tatyana Kolmanovskiy.

This action arises from a three-car motor vehicle accident that occurred at the intersection of Ocean Parkway and Avenue L in Brooklyn. It is undisputed that the third-party defendant Tatyana Kolmanovskiy, operating the lead vehicle on Ocean Parkway, abruptly slowed down and safely stopped her vehicle near the intersection with Avenue L when she was confronted with what appeared to be an emergency vehicle with its siren blaring and its lights flashing. The third-party defendant Roza Tskhakova was operating the middle vehicle, in which the plaintiff was a passenger, directly behind Kolmanovskiy's vehicle, and the defendant/third-party plaintiff, Herman Stark, was driving the last vehicle behind the Tskhakova vehicle. According to the plaintiff's deposition testimony, she sustained injuries when the Stark vehicle struck the Tskhakova vehicle in the rear as it was slowing down, and propelled it into the Kolmanovskiy vehicle that had stopped ahead of it. Accordingly, she sought summary judgment on the issue of liability against Stark. Moreover, Kolmanovskiy and Tskhakova separately moved for summary judgment dismissing Stark's third-party complaint insofar as asserted against each of them, contending that they were free from fault in the happening of the accident.

Stark opposed the summary judgment motions, averring in his affidavit that Kolmanovskiy had suddenly stopped the lead vehicle, that the Tskhakova vehicle then collided with the rear of the Kolmanovskiy vehicle, and then his vehicle struck the rear of the Tskhakova vehicle. The Supreme Court granted the motions.

Contrary to Stark's contention, the Supreme Court properly granted Kolmanovskiy's motion for summary judgment dismissing the third-party complaint insofar as asserted against her. Kolmanovskiy demonstrated her prima facie entitlement to judgment as a matter of law by establishing that she was free from fault because she safely and properly brought her vehicle to a stop in order to yield the right of way to an apparent emergency vehicle ahead of her (*see* Vehicle and Traffic Law § 1144 [a]; *Barton v Youmans,* 13 AD3d 1151 [2004]; *Fassbender v Conrey,* 273 AD2d 22 [2000]; *DiPaola v Scherpich,* 239 AD2d 459 [1997]). Under these circumstances, Stark's mere

conclusory assertion that the Kolmanovskiy vehicle stopped suddenly was insufficient to raise a triable issue of fact in opposition to the motion (*see generally Harrington v Kern*, 52 AD3d 473 [2008]; *Johnston v Spoto*, 47 AD3d 888 [2008]; *David v New York City Bd. of Educ.*, 19 AD3d 639 [2005]).

However, the Supreme Court erred in granting the motions of the plaintiff and Tskhakova for summary judgment. Based on the plaintiff's account of the accident, those movants established, prima facie, their freedom from comparative fault and that Stark was negligent based on the presumption of negligence that arises from a rear-end collision with a stopped or stopping vehicle (*see generally Drakh v Levin*, 123 AD3d 1084 [2014]; *Napolitano v Galletta*, 85 AD3d 881 [2011]; *Ahmad v Grimaldi*, 40 AD3d 786 [2007]). However, Stark's affidavit, which recited that his vehicle only struck the Tskhakova vehicle after the Tskhakova vehicle had already collided with the lead vehicle, raised triable issues of fact as to the sequence of the collisions, whether Tskhakova was at fault, and the proximate cause of the plaintiff's alleged injuries (*see e.g. Polanco-Espinal v City of New York*, 84 AD3d 914 [2011]; *Vavoulis v Adler*, 43 AD3d 1154 [2007]; *Thoman v Rivera*, 16 AD3d 667 [2005]; *Hudson v Cole*, 264 AD2d 439 [1999]; *Viggiano v Camara*, 250 AD2d 836 [1998]; *Sanford v Stillitano*, 241 AD2d 489 [1997]; *Omrami v Socrates*, 227 AD2d 459 [1996]). Mastro, J.P., Balkin, Sgroi and Duffy, JJ., concur.