Veeramuthu P. Gounder, Appellant,
against
Argante R. Grippa and Tew G.A. Grippa, Respondents.




Veeramuthu P. Gounder, appellant pro se.
Desena & Sweeney LLP (Shawn P. O'Shaughnessy), for respondents.

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Terrence C. O'Connor, J.), entered March 15, 2016. The judgment, after a nonjury trial, dismissed the complaint.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this action to recover the principal sum of $25,000 for damages sustained to his vehicle when, while on the Long Island Expressway in Queens, New York, his vehicle rear-ended a vehicle operated by defendant Argante R. Grippa and owned by defendant Tew G.A. Grippa. After a nonjury trial on the issue of liability, the court granted defendants' motion for a directed verdict and dismissed the complaint.
It is well established that "a rear-end collision into a lawfully-stopped vehicle creates a prima facie case of liability in favor of the operator of the stationary vehicle and imposes a duty of explanation on the operator of the moving vehicle" (Parise v Meltzer, 204 AD2d 295, 295 [1994]; see also Johnson v Phillips, 261 AD2d 269 [1999]). If the operator of the moving vehicle does not come forward with any evidence to rebut the inference of negligence, the operator of the stationary vehicle may be properly awarded judgment as a matter of law on the issue of liability (see Leonard v City of New York, 273 AD2d 205 [2000]).
Here, defendants established their prima facie entitlement to judgment as a matter of law by proffering the testimony of defendant Grippa, which established that defendants' vehicle had been stopped or was stopping because of traffic when it was struck in the rear by the vehicle driven by plaintiff. There was no evidence presented by plaintiff to show that there was any fault on the part of defendant Grippa. Plaintiff only testified that defendants' vehicle stopped short. "A claim of a sudden stop by the leading vehicle, standing alone, is insufficient to rebut the presumption of negligence" (Byrne v Calogero, 96 AD3d 704, 705 [2012]). There being no triable issue of fact raised as to liability, defendants were entitled to judgment as a matter of law on the issue of liability (see Szczerbiak v Pilat, 90 NY2d 553 [1997]).
Accordingly, the judgment is affirmed.
WESTON, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 03, 2017