PETER KAYE, Respondent, v. ANDREW HICKMAN et al., Defendants, and DANIEL L. CHRISTIE, Appellant.— In a negligence action to recover damages for personal injuries, defendant Christie appeals from an order of the Supreme Court, Queens County, dated July 8, 1961, which denied his motion for summary judgment and severance of the action as against him. Order reversed, on the law, with $10 costs and disbursements, and motion granted. Plaintiff was a passenger in appellant's automobile, which was involved in a multi-car collision. The car was at a standstill on the Long Island Expressway owing to heavy stop-and-go traffic. Defendants other than appellant are either the owners or operators of the other cars involved in the collision. Plaintiff, in his bill of particulars, after generally charging all of the defendants with negligence, states that appellant's vehicle "was at a standstill when it was struck" and that the other defendants were negligent "in failing to give the Christie vehicle the right of way". In support of his motion for summary judgment appellant submitted an affidavit in which he averred: "On September 21, 1966, at about 8:45 P.M., your deponent was involved in an automobile accident. At the time of the accident the plaintiff in this case, Peter Kaye, was a passenger in your deponent's car and your deponent's car was stopped upon the Long Island Expressway, about two to three hundred yards from the toll booth on the approach to the Midtown Tunnel leading from the Borough of Manhattan. We had been standing still for 15 to 20 seconds, waiting for traffic to move, when suddenly a crash occurred and the next I knew our car had been turned about to a 45 degree angle from its original direction, and the car of a co-defendant, Louis Prisco was to my right, a short distance in front of me, also at an angle. I did not see the Prisco car before the impact or at the moment of impact nor do I recall hearing any prior sounds of crashes or collisions. The impact to my car was on the right side, starting at the rear door and progressing to the center of the front door, all on the right side. I have no further knowledge concerning this accident or of the activities of the other defendants to this lawsuit, prior to the impact." Appellant's attorney submitted a corroborating affidavit in which he summarized what had been testified to by defendants Prisco and Hickman at an examination before trial. He averred: "Defendant Prisco stated that he was proceeding westbound in heavy rain and heavy traffic, when he was struck from the rear, his foot flew off the brake and he fell down upon his seat and then felt his vehicle strike a curb and railing to his right and then felt an impact with the defendant Christie's vehicle, striking it at about an 80 degree angle on the right hand door; Prisco further stated that he believed or understood that he was struck by the co-defendant Hickman; co-defendant Hickman testified that he was westbound and saw a taxi cab come from behind him, dodging in and out, the taxi hit him in the rear, swerved, passed to the left and then hit another car (defendant Christie's vehicle was not a taxi cab)." Defendants Hickman and Prisco did not oppose appellant's motion for summary judgment and the only opposition came from the attorneys for plaintiff, the passenger in appellant's car, and for the defendant Berglas. However, neither plaintiff personally nor Berglas personally submitted an affidavit in opposition to the motion. The attorney for plaintiff in his own affidavit contended that the testimony given

in the examinations before trial "to say the least, was confusing", but his recitation of excerpts therefrom contains no contention that appellant's car was not standing still because of traffic in front of it or any facts even remotely tending to indicate any negligence on appellant's part. There is no claim by anyone, including plaintiff's attorney, that appellant's car came to an abrupt stop or that it in any way negligently contributed to the accident. In our opinion the facts in this case make appropriate the invocation of the rule set forth in *Donlon* v. *Pugliese* (27 A D 2d 786, 787), where we said that to defeat a motion for summary judgment the opposition must do more than merely rely upon a claim that the movant "was in some undisclosed manner negligent" and we concluded that the court should not "strain to find issues, however nebulous, which may preserve an unfounded claim for litigation or negotiation." (See, also, *Schneiderman* v. *Metzger*, 30 A D 2d 829.) Under the circumstances and in view of plaintiff's apparent unwillingness to submit an affidavit that the operator of the car in which he was riding, appellant, was in any way negligent, the Special Term was not warranted in denying the latter's motion for summary judgment. Hopkins, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.