■ LINDA L. SCIOCCHETTI, Respondent, v NATALIE M. TRI-CHILO, Appellant. (Action No. 1.) SARA E. SCHAFFER, Respondent, v LINDA L. SCIOCCHETTI et al., Appellants, et al., Defendant. (Action No. 2.)—Mikoll, J. Appeals from an order of the Supreme Court at Special Term (Connor, J.), entered January 21, 1986 in Saratoga County, which denied (1) Linda L. Sciocchetti's motion for summary judgment dismissing the complaint against her in action No. 2, and (2) Natalie M. Trichilo's cross motion for, *inter alia,* summary judgment dismissing the complaints in actions Nos. 1 and 2.

The accident herein arose out of a typical rear-end chain reaction automobile collision. Sara E. Schaffer was in her automobile, the first in line, waiting for a red signal light to change to green. Linda L. Sciocchetti was the driver of the second automobile which was stopped and waiting behind the Schaffer vehicle. Natalie M. Trichilo's automobile was next behind the Sciocchetti vehicle and admittedly struck Sciocchetti's vehicle in the rear which, in turn, struck the rear of the Schaffer automobile. Trichilo claims that a fourth unidentified brown automobile first struck her vehicle in the rear, precipitating the chain of events, and that the fourth vehicle left the scene immediately. It appears, however, that only Trichilo claims that she saw the fourth unknown vehicle.

Action No. 1 was then commenced by Sciocchetti against

Trichilo. Action No. 2 was commenced by Schaffer against both Sciocchetti and Trichilo as well as a third defendant not involved in this appeal. Thereafter, Sciocchetti moved for summary judgment dismissing the complaint as against her in action No. 2. Trichilo then cross-moved for, *inter alia,* summary judgment dismissing the complaints against her in both actions No. 1 and No. 2.

In Special Term's decision denying the motions for summary judgment, the court pointed out that both Sciocchetti and Trichilo testified at examinations before trial that they had their foot on the brake pedal of their respective automobiles while stopped "but released the brake[s] upon impact from .behind due to the force of the collision". Special Term also noted that it was claimed that there was no evidence of skid marks from either of the two vehicles to indicate that the brakes were being applied at the time of the impact from the rear. The court then noted that Sciocchetti testified that her vehicle was stopped approximately six feet behind Schaffer's vehicle and Trichilo said her vehicle was stopped 3 to 4 feet in back of Sciocchetti's vehicle. Special Term concluded that such facts "at least arguably raised questions as to whether Sciocchetti's and Trichilo's conduct was reasonable under the circumstances".

There should be a modification of Special Term's order. Special Term should have granted summary judgment in favor of Sciocchetti dismissing Schaffer's complaint against her in action No. 2 and, as so modified, the order should be affirmed. There is no triable issue on the question of Sciocchetti's negligence *(see, Kaye v Hickman,* 38 AD2d 754; *Stenson v Teschmacher,* 15 AD2d 787). However, Special Term correctly found triable issues remained as to whether the conduct of Trichilo was reasonable under the circumstances.

Order modified, on the law, without costs, by reversing so much thereof as denied Linda L. Sciocchetti's motion; summary judgment granted to her and complaint in action No. 2 dismissed against her; and, as so modified, affirmed. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.