■ DANIEL ACAMPORA et al., Appellants, v CRINZEL DAVIS et al., Respondents, et al., Defendant. [610 NYS2d 311] —In a negligence action to recover damages for personal injuries, etc.,

arising out of an automobile accident, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ramirez, J.), dated June 25, 1992, as (1) granted the respective motions of the defendants Crinzel Davis and Jean R. Louis-Jacques for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and (2) denied the plaintiffs' cross motion, *inter alia*, for summary judgment against those defendants.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Crinzel Davis for summary judgment dismissing the complaint insofar as it is asserted against him, and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as appealed from, and it is further,

Ordered that the defendant Jean R. Louis-Jacques is awarded one bill of costs, payable by the plaintiffs.

Contrary to the determination of the Supreme Court, the defendant Crinzel Davis did not establish his entitlement to judgment as a matter of law in this action *(see generally, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). Although Davis submitted the police accident report and the deposition testimony of two of the other drivers involved in this multiple-vehicle accident in support of his motion, this evidence did not unequivocally demonstrate that he was free from negligence in the happening of the accident. Moreover, on their cross motion for summary judgment, the plaintiffs submitted the deposition testimony of the injured plaintiff and of the driver of the vehicle in which he was a passenger. Both men indicated that the Davis vehicle struck their car in the rear on two occasions approximately one second apart. Furthermore, the description of the accident set forth in the police accident report may be interpreted in such a manner as to support the plaintiffs' assertion that the Davis vehicle struck the car in which the injured plaintiff was a passenger only moments before the occurrence of the rear-end chain reaction automobile collision which produced the alleged second impact. Accordingly, in view of the factual conflict regarding whether two impacts occurred, the Supreme Court should have denied Davis's motion for summary judgment in addition to denying the plaintiffs' cross motion for the same relief, and the factual issues should be resolved at a trial *(see generally, Zuckerman v City of New York,* 49 NY2d 557).

However, we find that the Supreme Court acted properly in

granting the motion of the defendant Louis-Jacques for summary judgment. The evidence fully supported the conclusion that his vehicle was merely stopped in traffic when it was struck in the rear by another automobile, and propelled into the Davis vehicle. The plaintiffs failed to come forward with satisfactory evidence to rebut this account or to otherwise raise a genuine triable issue of fact with respect to the alleged negligence of Louis-Jacques *(see, e.g., Sciocchetti v Trichilo,* 127 AD2d 958). Sullivan, J. P., Joy, Hart and Krausman, JJ., concur.