■ ANTHONY LAPADULA, Respondent, v SANG SHING KWOK, Respondent, MARIO RAPPA, Appellant, et al., Defendant. [757 NYS2d 869] —In an action, inter alia, to recover damages for personal injuries, the defendant Mario Rappa appeals from an order of the Supreme Court, Queens County (Milano, J.), dated May 17, 2002, which denied his motion, denominated as one for summary judgment, but which was, in effect, for reargument of his prior motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the appeal is dismissed, with costs, as no appeal lies from an order denying reargument.

The second summary judgment motion of the defendant Mario Rappa violated the general proscription against successive summary judgment motions absent "a showing of newly discovered evidence or other sufficient cause" (*Marine Midland Bank v Fisher,* 85 AD2d 905, 906 [1981]; *see Davidson Metals Corp. v Marlo Dev. Co.,* 262 AD2d 599 [1999]; *Taylor v Brooklyn Hosp.,* 187 AD2d 714 [1992]). Rappa disavowed any claim that his motion was based upon newly discovered evidence and relied instead upon a showing of sufficient cause. However, the grant of summary judgment to a codefendant based upon different evidence (*see Lapadula v Sang Shing Kwok,* 295 AD2d 406 [2002]; *Acampora v Davis,* 203 AD2d 399 [1994]) is not sufficient cause upon which to bring a successive motion for summary judgment. Thus, Rappa's motion, although denominated as one for summary judgment, was, in effect, a motion for reargument, the denial of which is not appealable (*see e.g. Sallusti v Jones,* 273 AD2d 293, 294 [2000]; *Bossio v Fiorillo,* 222 AD2d 476, 477 [1995]). Florio, J.P., S. Miller, Goldstein and Mastro, JJ., concur.