■ ROCKY POINT DRIVE-IN, L.P., Appellant, v TOWN OF BROOKHAVEN et al., Respondents. [830 NYS2d 767]—

In an action, inter alia, for a judgment declaring that the plaintiff's site plan application for the subject property was subject to review under a zoning designation that was in effect prior to a rezoning, and to declare the rezoning of the property invalid, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated October 21, 2004, which denied its motion for partial summary judgment on its first cause of action, granted the defendants' motion for summary judgment dismissing the complaint, and denied its cross motion for summary judgment on the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendants' motion for summary

judgment dismissing the complaint and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with costs to the appellant.

The plaintiff owns approximately 17.78 acres of property located in the Town of Brookhaven. Before October 22, 2002, a substantial portion of the plaintiff's property was zoned "J Business 2" (hereinafter J-2), which permitted retail stores as of right, but did not permit commercial centers, which, at the time, was defined by Brookhaven Town Code § 85-1 as "[a]ny building or buildings . . . used by one (1) or more enterprises for a commercial purpose . . . where the proposed use occupies a site of five (5) acres or more." In 2000 the property was being used as a golf driving range and miniature golf course, and previously, the property was used as a drive-in movie theater, all of which were nonconforming, commercial recreational uses.

In February 2000 the Town Board of the Town of Brookhaven (hereinafter the Town Board) notified the plaintiff's predecessor-in-interest, Sans Argent, Inc. (hereinafter Sans Argent), of a public hearing to be held on March 7, 2000, to consider, on the Town Board's own motion, a change of the zoning of the subject property from J-2 to "Commercial Recreation" (hereinafter CR). Shortly thereafter, in March 2000, Sans Argent submitted to the Town of Brookhaven Department of Planning, Environment and Development (hereinafter the Planning Department) a site plan application for a 152,050 square foot Lowe's Home Improvement Center (hereinafter Lowe's) on the property.

After the public hearing held on March 7, 2000, the Town Board voted to rezone the plaintiff's property to CR. By letter dated March 20, 2000, the Town Board informed Sans Argent that the proposed Lowe's could not be built in a J-2 zone as of right, and that a use variance was required. No use variance application was submitted to the Town of Brookhaven Zoning Board of Appeals (hereinafter the ZBA) until December 2000.

In April 2000 the ZBA was designated as the lead agency for purposes of review under the State Environmental Quality Review Act (hereinafter SEQRA) (see ECL art 8; 6 NYCRR 617.6 [a]). However, an environmental assessment form (see 6 NYCRR 617.6 [b] [3] [i], [ii]) was not transmitted by the Planning Department to the ZBA until November 2000. A positive declaration was not issued until January 2001, nine months after the designation of the ZBA as the lead agency.

As a result of the Town Board's adoption of the resolution to rezone the plaintiff's property, Sans Argent submitted a protest to the Town Board pursuant to Town Law § 265, which triggered a requirement for a supermajority vote to approve the

rezoning, i.e., approval of six of the seven Town Board members. Upon a revote, five Town Board members voted to approve the rezoning, one voted against the rezoning, and another recused himself, citing the Town Ethics Code. The Town Board nonetheless declared the property rezoned and ceased the processing of Sans Argent's site plan application.

Consequently, Sans Argent commenced an action entitled *Sans Argent, Inc. v Town of Brookhaven,* under Suffolk County index No. 12204/00. During the pendency of that action the parties entered into an agreement in which the Town Board agreed to process Sans Argent's site plan application during the pendency of the action, provided that Sans Argent submitted a revised site plan application, accepted a notice of violation, and applied for a use variance with the ZBA. The parties further agreed that the Town Board would schedule the site plan application for approval at the first meeting after a final order or judgment in the action. As a result, the Town issued a notice of violation to the plaintiff for a nonpermitted use. On December 1, 2000 the plaintiff submitted its use variance application to the ZBA. The plaintiff alleged that the Town delayed the processing of its application and requested a conference with the Supreme Court. Based on a January 2001 court conference, the parties further agreed that the site plan review would be completed forthwith. The hearing before the ZBA was scheduled for February 8, 2001. However, shortly after the court conference the ZBA issued a resolution pursuant to SEQRA finding that the proposal required a further environmental assessment. In view of that circumstance, the hearing date was adjourned to March 2001. Thereafter, the Supreme Court declared that the Town Board's rezoning was null and void due to the failure to obtain a supermajority vote pursuant to Town Law § 265. Shortly thereafter, the Board adopted a resolution which again rezoned the property to CR and expressly stated that the Town intended to supercede the Town Law's supermajority clause. Sans Argent then commenced a second action, entitled *Sans Argent, Inc. v Town of Brookhaven,* under Suffolk County index No. 14952/01, which again resulted in a declaration that the Board's rezoning was null and void.

On June 7, 2002 the Town Board amended the Town Code to allow for a simple majority vote of approval over protests for rezoning of property, rather than a supermajority vote. On October 1, 2002 the Town Board adopted a resolution which rezoned the property to CR effective October 22, 2002. At the same time, the SEQRA review was completed.

The plaintiff commenced this action, inter alia, for a judg-

ment declaring that the site plan application was subject to review under the J-2 zoning ordinance and not the CR zoning ordinance. The plaintiff alleged that "special facts" existed which warranted review of the site plan application under the J-2 zoning ordinance because the Town intentionally delayed the processing of the site plan application and the SEQRA review.

A note of issue was filed on March 4, 2004. The Supreme Court set March 31, 2004, as the deadline for summary judgment motions, and April 30, 2004, as the deadline for opposition papers. The defendants moved for summary judgment on March 31, 2004 and the plaintiff moved for partial summary judgment on its first cause of action on April 1, 2004. On May 25, 2004 the plaintiff served papers purporting to be a cross motion for summary judgment and opposition to the defendants' motion. The Supreme Court denied the plaintiff's cross motion, without consideration of the merits, as untimely and successive, denied the plaintiff's motion for partial summary judgment, and granted the defendants' motion for summary judgment. This appeal ensued.

The Supreme Court providently exercised its discretion in denying the plaintiff's cross motion for summary judgment on the complaint without consideration of the merits since it was untimely and no good cause was shown for its tardiness (see CPLR 3212 [a]; Brill v City of New York, 2 NY3d 648, 652 [2004]) and it constituted an improper successive motion for summary judgment (see Lapadula v Sang Shing Kwok, 304 AD2d 798 [2003]; Gadley v U.S. Sugar Co., 259 AD2d 1041 [1999]; Public Serv. Mut. Ins. Co. v Windsor Place Corp., 238 AD2d 142, 143 [1997]).

However, the evidence submitted upon the plaintiff's cross motion, when considered in opposition to the defendants' prima facie demonstration of its entitlement to judgment as a matter of law, raised triable issues of fact as to "malice, oppression, manipulation or corruption" (Matter of Aversano v Two Family Use Bd. of Town of Babylon, 117 AD2d 665, 667 [1986]), in the delay in processing the plaintiff's site plan application or in the ZBA's SEQRA review. The plaintiff's proof indicated that the defendants selectively enforced the J-2 zoning prohibitions and selectively rezoned the subject property to a CR zone on its own motion, and raised a triable issue as to whether the delay was occasioned by the defendants acting in bad faith to avoid various agreements for expeditious consideration of the subject application (see Caruso v Town of Oyster Bay, 250 AD2d 639 [1998]; Matter of Miller v Southold Town, 190 AD2d 672 [1993];

*Matter of Huntington Ready-Mix Concrete v Town of Southampton,* 112 AD2d 161 [1985]; cf. *Matter of Ronsvalle v Totman,* 303 AD2d 897 [2003]; *Matter of Home Depot U.S.A. v Village of Rockville Ctr.,* 295 AD2d 426 [2002]; *Matter of Paintball Sports v Pierpont,* 284 AD2d 537 [2001]), or was the fault of the plaintiff. The plaintiff's contentions were strenuously denied by the Town, and in view of divergent factual allegations, such issues cannot be summarily decided. Therefore, the Supreme Court erred in granting the defendants' motion for summary judgment.

The plaintiff's contention that the Supreme Court improperly denied its motion for partial summary judgment on its first cause of action is without merit. Ritter, J.P., Krausman, Lifson and Lunn, JJ., concur.