RICHARD GEORGE, Appellant, v YOMA DEVELOPMENT GROUP, INC., et al., Respondents. [920 NYS2d 696]—

In an action, inter alia, for a permanent injunction compelling the defendants to remove structures encroaching upon certain real property upon which the plaintiff allegedly has an easement, the plaintiff appeals from an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), entered April 27, 2010, which denied that branch of his motion which was, in effect, for leave to reargue a prior motion for summary judgment on his claim for injunctive relief, and denied that branch of his motion which was for leave to enter a judgment against the defendants Yoma Development Group, Inc., Impressive Homes, Deutsche Bank National Trust Company, Thelma T. Rosenblatt, Bity Holding, LLC, Alfio Marcellino, and Zaira Marcellino upon their default in appearing or answering the complaint.

Ordered that the appeal from so much of the order as denied that branch of the plaintiff's motion which was, in effect, for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The branch of the plaintiff's motion which seeks injunctive relief was denominated as a motion for summary judgment. However, that branch of the plaintiff's motion was, in effect, for reargument of a prior motion for summary judgment, the denial of which is not appealable (see Lapadula v Sang Shing Kwok, 304 AD2d 798 [2003]).

To establish entitlement to a default judgment, a plaintiff must submit proof of service of the summons and the complaint, of the facts constituting the claim, and of the default (see CPLR 3215 [f]; Miterko v Peaslee, 80 AD3d 736 [2011]; Levine v Forgotson's Cent. Auto & Elec., Inc., 41 AD3d 552, 553 [2007]). Here, in support of that branch of his motion which was for leave to enter a default judgment, the plaintiff failed to submit proof of service of the supplemental summons and second amended complaint. Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to enter a judgment against the defendants Yoma Development Group, Inc., Impressive Homes, Deutsche Bank National Trust Company, Thelma T. Rosenblatt, Bity Holding, LLC, Alfio Marcellino, and Zaira Marcellino upon their default in appear-

ing or answering the complaint (*see* CPLR 3215 [f]; *cf. 599 Ralph Ave. Dev., LLC v 799 Sterling Inc.*, 34 AD3d 726 [2006]).

The plaintiff's remaining contentions are not properly before this Court. Covello, J.P., Eng, Hall and Roman, JJ., concur.