■ ROCKY POINT DRIVE-IN, L.P., Respondent-Appellant, v TOWN OF BROOKHAVEN et al., Appellants-Respondents. [939 NYS2d 865]—

In an action, inter alia, for a judgment declaring that the plaintiff is entitled to have its site plan application reviewed in accordance with the zoning designation that was in effect on the day the plaintiff's site plan application was filed, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Sweeney, J.), entered January 22, 2010, as, upon a decision of the same court dated June 5, 2009, as modified by a decision of the same court dated November 9, 2009, made after a nonjury trial, is in favor of the plaintiff and against them declaring that their intentional bad faith delay in reviewing and processing the plaintiff's site plan application constitutes "special facts" which entitle the plaintiff to have its site plan application reviewed in accordance with the zoning designation that was in effect on the day that the plaintiff's site plan application was filed, and that the plaintiff is not required to apply for or obtain a variance, and the plaintiff cross-appeals, as limited by its brief, from so much of the same judgment as failed to declare that the use set forth in its site plan was an as-of-right use in the J-2 zoning district.

Ordered that the judgment is reversed insofar as appealed

from, on the law and the facts, with costs, and it is declared that the plaintiff is not entitled to have its site plan application reviewed in accordance with the zoning designation that was in effect on the day that the plaintiff's site plan application was filed; and it is further,

Ordered that the cross appeal is dismissed as academic, in light of the determination of the appeal; and it is further,

Ordered that one bill of costs is awarded to the defendants.

In reviewing a trial court's findings of fact following a nonjury trial, this Court's "authority is as broad as that of the trial court" and includes the power to "render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983] [citations and internal quotation marks omitted]; *see Man Choi Chiu v Chiu*, 38 AD3d 619 [2007]; *Hall v Sinclaire*, 35 AD3d 660 [2006]; *Matter of Fasano v State of New York*, 113 AD2d 885, 888 [1985]).

The Supreme Court's determinations that the defendants intentionally and in bad faith delayed processing the plaintiff's site plan application, and selectively enforced the prohibition against commercial centers in a J-2 zoning district against the plaintiff, were not warranted by the facts adduced at trial. The record does not support the determinations of undue delay and bad faith on the part of the defendants (*see Matter of Home Depot U.S.A. v Village of Rockville Ctr.*, 295 AD2d 426, 429 [2002]), or that the defendants selectively enforced the prohibition against commercial centers in J-2 zoning districts, targeting the plaintiff's application with animus (*see Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 631 [2004]). As such, the judgment must be reversed insofar as appealed from. Angiolillo, J.P., Leventhal, Austin and Roman, JJ., concur.

---

Motion by the defendants to strike stated portions of the plaintiff's reply brief on an appeal and cross appeal from a judgment of the Supreme Court, Suffolk County, entered January 22, 2010, on the ground, inter alia, that it improperly raises arguments for the first time in reply. By decision and order on motion of this Court dated December 5, 2011, the motion was held in abeyance and referred to the panel of Justices hearing the appeal and cross appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal and cross appeal, it is,

Ordered that the motion is granted, and the material in the plaintiff's reply brief beginning with the words on page four stating "The Town's brief attempts to distinguish" and ending with the words on page seven stating "whether or not *W.F. Shirley* is determined to have issue preclusion effect," is stricken and has not been considered on the appeal and cross appeal. Angiolillo, J.P., Leventhal, Austin and Roman, JJ., concur.