[999 NE2d 1164, 977 NYS2d 719]

ROCKY POINT DRIVE-IN, L.P., Appellant, v TOWN OF BROOKHAVEN et al., Respondents.

Argued October 16, 2013; decided November 14, 2013

## POINTS OF COUNSEL

*Bracken Margolin Besunder LLP*, Islandia (*Linda U. Margolin* of counsel), for appellant. I. The Appellate Division erred as a matter of law by holding that plaintiff had to prove malicious delay in order to be entitled to special facts relief. (*Matter of Alscot Inv. Corp. v Incorporated Vil. of Rockville Ctr.*, 99 AD2d 754, 64 NY2d 921; *Matter of Fairchild Sons, Inc. v Rogers*, 242 App Div 651, 266 NY 460; *Matter of Dubow v Ross*, 254 App Div 706; *Matter of Our Lady of Good Counsel R.C. Church & School v Ball*, 45 AD2d 66, 38 NY2d 780; *Matter of Pokoik v Silsdorf*, 40 NY2d 769; *Matter of Amsterdam-Manhattan Assoc. v Joy*, 42 NY2d 941; *Matter of Faymor Dev. Co. v Board of Stds. & Appeals of City of N.Y.*, 45 NY2d 560; *Matter of Greco v Trincellito*, 206 AD2d 779; *Matter of Lawrence School Corp. v Morris*, 167 AD2d 467; *Matter of Eckstein v Glimm*, 84 AD2d 839.) II. Plaintiff proved bad faith and selective enforcement by the Town of Brookhaven by legally sufficient and overwhelming record evidence. (*People v Rodriguez*, 17 NY3d 486; *People v Samuels*, 99 NY2d 20; *People v Bracey*, 41 NY2d 296; *Matter of Miller v Southold Town*, 190 AD2d 672; *Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617; *Penlyn Dev. Corp. v Incorporated Vil. of Lloyd Harbor*, 51 F Supp 2d 255; *Masi Mgt. v Town of Ogden*, 273 AD2d 837; *Matter of 303 W. 42nd St. Corp. v Klein*, 46 NY2d 686; *Gomillion v Lightfoot*, 364 US 339; *Yick Wo v Hopkins*, 118 US 356.) III. The ruling in *WF Shirley, L.L.C. v Board of Zoning Appeals of Town of Brookhaven* (Sup Ct, Suffolk County, Sept. 12, 2001, Costello, J., index No. 01-9523) establishes that Rocky Point Drive-In, L.P.'s proposed use was as-of-right in the J-2 zone. (*Matter of Juan C. v Cortines*, 89 NY2d 659; *Pratt v State of New York*, 181 Misc 2d 488; *Buechel v Bain*, 97 NY2d 295, 535 US 1096.)

*Jaspan Schlesinger LLP*, Garden City (*Maureen T. Liccione* and *Robert V. Guido* of counsel), and *Annette Eaderesto, Town Attorney*, Farmingville, for respondents. I. The trial evidence did not establish facts sufficient for application of the special facts exception. (*Matter of Alscot Inv. Corp. v Incorporated Vil. of Rockville Ctr.*, 99 AD2d 754, 64 NY2d 921; *Matter of Mascony Transp. & Ferry Serv. v Richmond*, 71 AD2d 896, 49 NY2d 969;

*Matter of Pokoik v Silsdorf*, 40 NY2d 769; *Matter of Demisay, Inc. v Petito*, 31 NY2d 896; *Town of Orangetown v Magee*, 88 NY2d 41; *Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals of Inc. Vil. of New Hempstead*, 77 NY2d 114; *Matter of Faymor Dev. Co. v Board of Stds. & Appeals of City of N.Y.*, 45 NY2d 560; *Matter of Jamaica Recycling Corp. v City of New York*, 38 AD3d 398, 9 NY3d 801; *Matter of c/o Hamptons, LLC v Rickenbach*, 98 AD3d 736; *Matter of Alfano v Zoning Bd. of Appeals of Vil. of Farmingdale*, 74 AD3d 961.) II. Appellant failed to prove an entitlement to a commercial center use under the prior J-2 zoning classification. (*Matter of Twin County Recycling Corp. v Yevoli*, 90 NY2d 1000; *Matter of Khan v Zoning Bd. of Appeals of Vil. of Irvington*, 87 NY2d 344; *Matter of Fuhst v Foley*, 45 NY2d 441; *Conley v Town of Brookhaven Zoning Bd. of Appeals*, 40 NY2d 309; *Matter of Southern Dutchess Country Club v Town Bd. of Town of Fishkill*, 18 NY2d 870; *Matter of Neddo v Schrade*, 270 NY 97; *Preble Aggregate v Town of Preble*, 263 AD2d 849; *Matter of Aho*, 39 NY2d 241; *Matter of Hillowitz*, 20 NY2d 952.) III. The *WF Shirley, L.L.C. v Board of Zoning Appeals of Town of Brookhaven* (Sup Ct, Suffolk County, Sept. 12, 2001, Costello, J., index No. 01-9523) Supreme Court order did not establish an entitlement to a commercial center in the J-2 zone. (*Ryan v New York Tel. Co.*, 62 NY2d 494; *Kaufman v Eli Lilly & Co.*, 65 NY2d 449; *Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481; *Robinson Motor Xpress, Inc. v HSBC Bank, USA*, 37 AD3d 117; *People ex rel. Metropolitan St. Ry. Co. v State Bd. of Tax Commrs.*, 174 NY 417, 199 US 1; *Race v Krum*, 222 NY 410.) IV. There was no proof of undue delay. (*Matter of Eadie v Town Bd. of Town of N. Greenbush*, 7 NY3d 306; *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400.) V. The Town of Brookhaven's actions were not malicious or in bad faith. VI. Proof of negligence would have been insufficient to satisfy the special facts exception. (*Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 540 US 1017; *Matter of Pokoik v Silsdorf*, 40 NY2d 769; *Matter of Golisano v Town Bd. of Town of Macedon*, 31 AD2d 85; *Marsh v Town of Huntington*, 39 AD2d 945; *Matter of Dubow v Ross*, 254 App Div 706; *Matter of c/o Hamptons, LLC v Rickenbach*, 98 AD3d 736; *Matter of Alfano v Zoning Bd. of Appeals of Vil. of Farmingdale*, 74 AD3d 961; *Matter of Golden Horizon Terryville Corp. v Prusinowski*, 63 AD3d 930; *Matter of Mamaroneck Beach & Yacht Club, Inc. v Zoning Bd. of Appeals of Vil. of Mamaroneck*, 53 AD3d 494; *Figgie Intl. v Town of Huntington*, 203 AD2d 416.) VII. The applicant failed to meet its heavy burden to prove selective

enforcement. (*Matter of 303 W. 42nd St. Corp. v Klein*, 46 NY2d 686; *Yick Wo v Hopkins*, 118 US 356; *Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617; *Town of Plattekill v Dutchess Sanitation*, 56 AD2d 150, 43 NY2d 662; *Matter of Indelicato v Town of Lloyd*, 34 AD3d 1056, 8 NY3d 935; *Becker v Koch*, 104 NY 394; *Fox v Tedesco*, 15 AD3d 538; *Ferri v Ferri*, 60 AD3d 625; *People v Gonzalez*, 68 NY2d 424.) VIII. The adoption of a negligence standard would not be sound public policy. (*Tilles Inv. Co. v Town of Huntington*, 74 NY2d 885; *Matter of Town of Islip v Caviglia*, 73 NY2d 544; *Robert E. Kurzius, Inc. v Incorporated Vil. of Upper Brookville*, 51 NY2d 338; *Sag Harbor Port Assoc. v Village of Sag Harbor*, 21 F Supp 2d 179; *Elias v Town of Brookhaven*, 783 F Supp 758; *Matter of E.F.S. Ventures Corp. v Foster*, 71 NY2d 359; *Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 995, 488 US 801; *Morley v Arricale*, 66 NY2d 665; *City of Yonkers v Rentways, Inc.*, 304 NY 499; *Matter of Rudolf Steiner Fellowship Found. v De Luccia*, 90 NY2d 453.)

*Davis & Prager, P.C.*, Patchogue (*Larry Ray Davis* of counsel), for Long Island Builders Institute, Inc., amicus curiae. No proof of malice should be necessary to entitle plaintiff to special facts relief. (*Matter of East End Resources, LLC v Town of Southold Planning Bd.*, 81 AD3d 947; *Matter of United Water New Rochelle, Inc. v King*, 18 AD3d 763, 5 NY3d 711; *Matter of Amsterdam-Manhattan Assoc. v Joy*, 42 NY2d 941; *Matter of Pokoik v Silsdorf*, 40 NY2d 769; *Matter of Our Lady of Good Counsel R.C. Church & School v Ball*, 45 AD2d 66, 38 NY2d 780.)

*Sarah Brancatella*, Albany, for Association of Towns of the State of New York, amicus curiae. I. Expanding the special facts exception to include negligence disrupts the balance of public and private interests. (*Village of Euclid v Ambler Realty Co.*, 272 US 365; *Rodgers v Village of Tarrytown*, 302 NY 115; *Glacial Aggregates LLC v Town of Yorkshire*, 14 NY3d 127; *Town of Orangetown v Magee*, 88 NY2d 41; *Matter of Alscot Inv. Corp. v Incorporated Vil. of Rockville Ctr.*, 64 NY2d 921.) II. Adding negligence to the special facts exception unduly complicates a straightforward rule of law. (*Elliott v City of New York*, 95 NY2d 730; *Nicholson v South Oaks Hosp.*, 27 AD3d 628; *Matter of Biedermann v Town of Orangetown*, 125 AD2d 465; *Hey v Town Bd. of Town of Potter*, 117 AD2d 989; *Benigno v Cohalan*, 40 NY2d 880.) III. Other policy reasons favor limiting the application of the special facts exception. (*Matter of Cave v Zoning Bd. of Appeals of Vil. of Fredonia*, 49 AD2d 228;

*Matter of Harbison v City of Buffalo,* 4 NY2d 553; *Matter of Aboud v Wallace,* 94 AD2d 874.)

## OPINION OF THE COURT

RIVERA, J.

Rocky Point Drive-In, L.P. (Rocky Point), a landowner seeking to develop property located in the Town of Brookhaven (Town), appeals an order of the Appellate Division which reversed a declaratory judgment of the Supreme Court on the law and facts, and which determined that Rocky Point's site plan application should not be reviewed under a former, more favorable, zoning provision. We find no basis to overturn the Appellate Division's order and affirm.

Rocky Point owns a parcel of land approximating 17 acres (the parcel) in the Town. Over several years Rocky Point, and its predecessor in interest, Sans Argent, Inc. (Sans Argent), have tried unsuccessfully to secure approval from the Town to develop this parcel as a site for a 152,050-square-foot Lowe's Home Improvement Center (Lowe's Center).

The factual history is extensive but, as relevant here, ostensibly begins in 1997, when the Town adopted a comprehensive plan creating a new "commercial recreation" (CR) zoning classification.[1] The plan cited the desire to draw visitors, and the potential to "attract new types of private recreation such as sports complexes, amusement and theme parks, movie theme parks, ice hockey and ice skating rinks." The parcel had been zoned as "J Business 2" (J-2), which permitted retail stores as of right, but did not permit "commercial centers" which were defined by Brookhaven Town Code as "[a]ny building or buildings . . . used by one (1) or more enterprises for a commercial purpose . . . where the proposed use occupies a site of five (5) acres or more." Accordingly, all of the parcel's previous uses—a drive-in movie theater and golf driving range—were nonconforming. Although the plan did not target the parcel, the parcel's previous uses would have been brought into compliance if it was rezoned to CR.

---

1. Zoning laws must be enacted in accordance with a comprehensive land use plan (*see* Town Law § 263; *Asian Ams. for Equality v Koch,* 72 NY2d 121, 131 [1988]). "The requirement of a comprehensive . . . plan not only insures that local authorities act for the benefit of the community as a whole but protects individuals from arbitrary restrictions on the use of their land" (*id.*). Essentially, this requirement acknowledges that "consideration must be given to the needs of the community as a whole" (*Udell v Haas,* 21 NY2d 463, 469 [1968]).

The Town had not taken any measures in pursuance of the CR classification, as per the comprehensive plan, until February 2000, when the Brookhaven Town Board (Board) discussed, for the first time, specifically rezoning the subject parcel to CR. The Board announced a date for a public meeting to be held on the issue. Shortly before the hearing, on March 2, 2000, Sans Argent submitted a site plan application to the Town for the Lowe's Center to be built on the parcel. The proposed Lowe's Center would not have complied with the CR zone classification. The Board thereafter held a public hearing to vote to rezone the subject property to CR. Sans Argent, aware of the impending vote, and seeking to avoid the rezoning, submitted a protest, triggering Town Law § 265 and its requirement that the zoning change pass by a supermajority vote.[2] Five of the seven Board members voted to rezone, thus falling short of the supermajority requirement.[3] Nevertheless, the Town declared the parcel rezoned to CR and declined to continue processing Sans Argent's application.

Sans Argent then filed suit in Supreme Court, Suffolk County, challenging the Board's rezoning as invalid. While the suit was pending, the parties entered into an agreement under which respondents would continue processing Sans Argent's application if Sans Argent submitted a new site plan with an accompanying application for a use variance to the Zoning Board of Appeals (ZBA).

Respondents issued a notice of violation and on December 1, 2000, Sans Argent submitted a new site plan and application for a use variance. A few months later, in March, Supreme Court held null and void the Town's rezoning of the parcel, for failure to secure the requisite supermajority vote.

Shortly thereafter, the Town Board adopted a second resolution that rezoned the parcel to CR—again without the requisite supermajority. Sans Argent challenged this vote, and after commencement of a second action, Supreme Court declared the second rezoning null and void. In June 2002, the Town Board amended the Brookhaven Town Code to allow for a simple majority vote of approval over protests for rezoning of property, rather than a supermajority vote. Then, in October 2002, the

---

2. Town Law § 265 (1) reads, in pertinent part: "except that any such amendment shall require the approval of at least three-fourths of the members of the town board in the event such amendment is the subject of a written protest."

3. Five members voted in favor, one in opposition and one recused himself.

Town adopted a resolution, for the third time, rezoning the parcel to CR.

Rocky Point, as the successor in interest to Sans Argent, filed the instant action seeking a judgment declaring that the site plan application was subject to review under the previous J-2 zoning classification because the Town had unduly delayed the review of the application. In 2004, Supreme Court granted the Town summary judgment, and the Appellate Division, Second Department, reversed, finding that triable issues of fact existed as to whether special facts warranted application of the J-2 zoning classification, and concluding that there was proof indicating selective enforcement of the Town's zoning provision (37 AD3d 805 [2d Dept 2007]).

At a non-jury trial, Rocky Point introduced several various site plan applications submitted to the Town between 1986 and 2003. All, it claimed, proved the Town was selectively enforcing the CR classification. Supreme Court agreed that the Town treated Rocky Point's application differently from other applications, and that there was significant delay in the process. Therefore, special facts warranted the application of the previous J-2 zoning classification to Rocky Point's application. The Town appealed and the Second Department reversed, finding Supreme Court's determinations were not supported by the evidence adduced at trial (93 AD3d 653, 654 [2d Dept 2012]). We granted Rocky Point leave to appeal (19 NY3d 815 [2012]) and now affirm.

As a general matter, a case must be decided upon the law as it exists at the time of the decision (see Matter of Pokoik v Silsdorf, 40 NY2d 769, 772 [1976]). In land use cases, the law in effect when the application is decided applies, regardless of any intervening amendments to the zoning law (id. at 773). Rocky Point seeks to avoid this rule and have the zoning law in effect at the time it submitted its application apply to its request, arguing it falls within the "special facts" exception to the general time of decision rule.

Under the special facts exception, where the landowner establishes entitlement as a matter of right to the underlying land use application—here, a "site plan"—the application is determined under the zoning law in effect at the time the application is submitted (id. at 772, citing Matter of Boardwalk & Seashore Corp. v Murdock, 286 NY 494 [1941], and Matter of Rosano v Town Bd. of Town of Riverhead, 43 AD2d 728 [2d

Dept 1973]). In order for a landowner to establish entitlement to the request as a matter of right, the landowner must be in "full compliance with the requirements at the time of the application," such that "proper action upon the permit would have given [the landowner] time to acquire a vested right" (*Pokoik*, 40 NY2d at 773, citing *Marsh v Town of Huntington*, 39 AD2d 945 [2d Dept 1972], and *Matter of Golisano v Town Bd. of Town of Macedon*, 31 AD2d 85 [4th Dept 1968]). In addition to showing entitlement to the request as a matter of right, the landowner must also show "extensive delay[ ] indicative of bad faith" (*Matter of Alscot Inv. Corp. v Incorporated Vil. of Rockville Ctr.*, 64 NY2d 921, 922 [1985]), "unjustifiable actions" by the municipal officials (*Pokoik*, 40 NY2d at 773), or "abuse of administrative procedures" (*id*. ["the village improperly delayed reviewing the application and the board presented unsatisfactory reasons for denial, resulting in the disregard of petitioner's rights"]).

As the record establishes, Rocky Point fails to meet the threshold requirement that it was entitled to the requested land use permit under the law as it existed when it filed its application. Rocky Point does not dispute—and it cannot—that it was out of compliance with the zoning classification in effect when it submitted the application. At that time, a substantial portion of the parcel was zoned J-2, which did not permit "commercial centers" of the type Rocky Point sought to build. That is, J-2 prohibited commercial buildings that "occup[y] a site of five (5) acres or more." The proposed Lowe's Center, as planned, exceeded this spatial limit.

Rocky Point argues that the special facts exception should apply to its case even though it does not technically meet the J-2 requirements as of right, because the Town historically ignored the zoning requirements. According to Rocky Point, the Town targeted Rocky Point for selective enforcement, seeking to subject Rocky Point to the zoning requirements while intentionally failing to impose them on similarly situated applicants. Rocky Point argues, therefore, it should not be held to the strict language of the zoning requirements.

The Appellate Division rejected this claim, based on a lack of factual support in the record (93 AD3d at 654). When the Appellate Division decides that a factual finding is against the weight of the evidence, that is itself a new finding of fact (*Cohen v Hallmark Cards*, 45 NY2d 493, 498 [1978]). In such case, our review of the Appellate Division's decision is limited; we

review the record to determine which factual findings "more nearly comport with the weight of the evidence" (*Matter of State of New York v Daniel F.*, 19 NY3d 1086, 1087 [2012]).

The Appellate Division, reviewing the facts, disagreed with the Supreme Court's conclusion that "[respondents] intentionally and in bad faith delayed processing [Rocky Point's] site plan application, and selectively enforced the prohibition against commercial centers in a J-2 zoning district against [Rocky Point]" (93 AD3d at 654). The record clearly demonstrates that similarly situated applicants referred to by Rocky Point were not similarly situated at all; they either fell within an exception or were within compliance with the J-2 zoning classification. Thus, the Appellate Division's finding more nearly comports with the weight of the evidence.

Rocky Point also argues that the Appellate Division erred when it applied a "bad faith" requirement rather than a negligence standard to its claim. In support of this argument Rocky Point asserts that we have previously held that negligence may trigger application of the special facts exception. Rocky Point places significant reliance on our decision in *Matter of Faymor Dev. Co. v Board of Stds. & Appeals of City of N.Y.* in support of its argument. In *Faymor* the applicant would have had, in the absence of municipal wrongdoing, a vested right (45 NY2d 560, 566 [1978]). Here, as Rocky Point concedes, it cannot meet the zoning requirements and did not have a vested right. Rocky Point has failed to meet the threshold requirement of entitlement as of right, and we have no reason to upset the Appellate Division's factual findings of a lack of record support for selective enforcement by the Town, because the special facts exception is inapplicable to this case, under any standard.

Accordingly, the order of the Appellate Division should be affirmed with costs.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and ABDUS-SALAAM concur.

Order affirmed, with costs.