■ CHRISTOPHER BASILE, Appellant, v SHERRY WIGGS, Respondent. [984 NYS2d 882]—

In a matrimonial action in which the parties were divorced by judgment dated June 19, 2007, the plaintiff appeals from an order of the Supreme Court, Westchester County (Connolly, J.), dated October 17, 2012, which denied his motion, denominated as one pursuant to CPLR 5015 (a) (4) to vacate an order dated January 20, 2012, for lack of jurisdiction, but which was, in actuality, one for leave to reargue his motion, inter alia, to vacate the order dated January 20, 2012, which had been denied in an order of the same court dated March 21, 2012.

Ordered that the appeal is dismissed, without costs and disbursements, as no appeal lies from an order denying reargument.

The plaintiff's motion was denominated as a motion pursuant to CPLR 5015 (a) (4) seeking to vacate an order of protection dated January 20, 2012, entered upon his default, on the ground of lack of jurisdiction to enter the order of protection. The subject motion, however, sought the same relief as the plaintiff sought in a prior motion that he submitted on or about March 19, 2012, which had been denied in an order dated March 21, 2012. In support of the subject motion, the plaintiff, without proffering any new facts, argued that the Supreme Court previously had overlooked or misapprehended the applicable law and facts (*see* CPLR 2221; *U.S. Bank, N.A. v Russell-Esposito*, 71 AD3d 1127 [2010]; *Jones v Amiee Lynn Accessories*, 38 AD3d 613 [2007]). Since the subject motion was, in actuality, a motion for leave to reargue, the appeal must be dismissed, as the denial of reargument is not appealable (*see George v Yoma Dev. Group, Inc.*, 83 AD3d 776 [2011]; *Jones v Amiee Lynn Accessories*, 38 AD3d at 613). Dickerson, J.P., Leventhal, Hall and Lott, JJ., concur.